## STATE et al. v. SELBY OIL & GAS CO. et al.

### No. 8832.

Court of Civil Appeals of Texas. Austin.

May 10, 1939.

Rehearing Denied June 7, 1939.

Wm. McCraw, Atty. Gen., and H. Grady Chandler, Russell Rentfro, and Henry S. Moore, Assts. Atty. Gen., for appellant State.

Clark & Rice and Russell V. Rogers, Jr., all of Dallas, for appellant C. C. Richards.

Hart, Patterson, Hart & Brown, of Austin, E. R. Hastings, of Tulsa, Okl., and Greenwood, Moody & Robertson, of Austin, for appellees.

BAUGH, Justice.

The State brought this suit against 14 defendants to recover, as vacant school lands, a strip of land 28 vrs. wide, east and west, and 1403 vrs. long, north and south, alleged to be located between the Hitson Brown survey and the Francis W. Johnson survey, in Gregg County. C. C. Richards, who claimed a mineral lease on this strip of land, filed a cross action, seeking to establish such vacancy and the validity of his lease thereon. The Selby Oil & Gas Company answered by general and special demurrers, and pleaded, among other things, that the judgment in State v. Atlantic Oil Producing Company, Tex.Civ. App., 110 S.W.2d 953, is res adjudicata and stare decisis of the question presented in the instant case. The trial court sustained the general demurrer on the ground that the judgment in the Atlantic Oil case is stare decisis of the location of the S. E. corner of the Hitson Brown survey and the S. W. corner of the Francis W. Johnson survey as a common corner, and dismissed the suit. The State and Richards have appealed.

The State's petitions in the two suits show that all of the defendants in the instant case were also defendants in the Atlantic Oil case, except R. G. Stivers, who did not answer herein, and C. C. Richards, who claimed a mineral lease on the lands here involved. In the Atlantic Oil case the State sued for the lands north of the Sabine River, alleged to lie between the course and distance calls between the S. E. corner of the Francis W. Johnson survey on the east, the S. W. corner thereof on the west (alleging in its petition that this latter corner was also the S. E. corner of the Hitson Brown survey), and the meanders of the Sabine River as located on the ground. Certain lands were excepted from the State's claims in that suit, but they are not material to the question here involved.

We have reached the conclusion that the judgment in the Atlantic Oil case is, so far as the State is concerned, not only stare decisis of the issues presented in the instant case, but is also res adjudicata of the same. No contention is made but that if the S. E. corner of the Hitson Brown and the S. W. corner of the F. W. Johnson are at one and the same point, then that their lines from that point north are coincident and a common boundary line; thus eliminating any possible vacancy between them.

A re-examination of the record in the Atlantic Oil case shows indisputably that all of the field notes of the Francis W. Johnson survey returned to the General Land Office by the surveyors thereof, and the field notes of the patent of that survey, called for it to run to the S.E. corner of the Hitson Brown survey, evidenced by bearing trees. In the Atlantic Oil suit there was no controversy over the location of this corner as the common S.E. corner of the Brown and the S.W. corner of the Johnson surveys. In that suit the State expressly pleaded and proved the location of such corner on the ground, as such common corner, not merely as a latitudinal location of the west line of the vacancy therein sought to be established, as was true in Maxcy v. Norsworthy, Tex. Civ.App., 19 S.W.2d 926, largely relied upon by the State herein, but as marking the western terminus of that alleged vacancy at a definite and fixed point on the ground evidenced by marked bearing trees, and constituting under both the State's pleadings and its proof not only the S.W. corner of the Johnson survey but the S.E. corner of the Brown survey. If the State had recovered the vacancy sued for in the Atlantic Oil case, there can be no doubt that its western terminus would have been referable to the corner therein asserted and established as the common corner of the Johnson and Brown surveys; and fixed not merely by course and distance calls from other established points, but definitely located on the ground by bearing trees. And the essential issues presented in that suit were as effectually adjudicated in the denial of the relief sought, as if the State had recovered a judgment therein.

To permit the State in the instant suit to now say, for the purposes of establishing a vacancy between the Johnson and Brown surveys by pulling the Johnson away from the Brown with which it called to adjoin, and to locate the S. W. corner of the Johnson at a different point from where the State alleged and proved it to be (at the marked S. E. corner of the Hitson Brown, a senior survey) in the Atlantic Oil case, would manifestly be not only to permit the State to take an inconsistent position in the instant case from that taken in the Atlantic Oil case, but would amount to a second adjudication of the same issue. As between the State, therefore, and the Selby Oil & Gas Company, both parties to the Atlantic Oil case, it is clear, we think, that the Atlantic Oil case is res adjudi-

cata of issue presented in this case. And so far as the appellant Richards is concerned, the Supreme Court having refused a writ of error in the Atlantic Oil case, under now well settled decisions, that adjudication is manifestly stare decisis as to him. See Porter v. State, Tex.Civ.App., 15 S.W.2d 191; Blaffer v. State, Tex.Civ. App., 31 S.W.2d 172, writ refused; Federal Royalty Co. v. State, 128 Tex. 324, 98 S.W. 2d 993, 996; 26 Tex.Jur. p. 46, § 368.

It follows, therefore, that the judgment of the trial court should be affirmed.

Affirmed.