STATE OF TEXAS ET AL V. SELBY OIL & GAS COMPANY ET AL.

No. 7627. Decided May 15, 1940.
Rehearing overruled June 26, 1940.
(139 S. W., 2d Series, 781.)

*Gerald C. Mann,* Attorney General, *Robert E. Kepke, James Noel, H. Grady Chandler,* Assistants Attorney General, for plaintiff in error.

Since the judgment and decision of the trial court and the Court of Civil Appeals in another case, in which the same parties were litigating their rights in a portion of the same tract of land as in the present case, merely decreed that the State of Texas was not entitled to recover the particular tract of land sued for in that case, the State is not estopped by the principal of res adjudicata from recovering another and distinct tract of land from that described in the judgment in that

case. State v. Atlantic Oil Production Co., 110 S. W. (2d) 953; Reast v. Donald, 84 Texas 648, 19 S. W. 795; Manning v. Green, 121 S. W. 721; Williams v. Wiley, 96 Texas 148, 71 S. W. 12.

*Hart & Brown* and *Dan Moody,* all of Austin, and *E. R. Hastings,* of Tulsa, Okla., for defendants in error.

The judgment and decision in the Atlantic Case, involving a portion of the same land as in this case, in locating and establishing the south boundary of the Francis W. Johnson survey on the ground, necessarily determine the beginning point and the ending point of the south line of the survey. Montgomery v. Huff, 11 S. W. (2d) 237; Edgar v. McDonald 106 S. W. 1135; McCarty v. Pugh, 265 S. W. 126; Slaughter v. Crosby, 289 S. W. 1060.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This suit was brought by the State of Texas against defendants in error Selby Oil & Gas Company and others in the form of a statutory action of trespass to try title. In effect it was a boundary suit to establish as vacant a strip of land 28 varas wide and 1403 varas long running north and south between the Hitson Brown and the Francis W. Johnson Surveys in Gregg County. C. C. Richards, one of the defendants who claimed a mineral lease from the State on the land, filed a cross action, in which he also claimed that the land was vacant and sought to establish the validity of his lease. A general demurrer was sustained to the petition of the State and to the cross action of Richards, and upon their refusal to amend the case was dismissed. The trial court's judgment was affirmed by the Court of Civil Appeals. 130 S. W. (2d) 423. The ground upon which the trial court sustained the general demurrer is reflected by this excerpt from its judgment:

"The court is of the opinion that the decision and judgment of the Court of Civil Appeals for the Third Supreme Judicial District of Texas at Austin, in which a writ of error was refused by the Supreme Court of Texas (129 Texas 686) in the case of State of Texas v. Atlantic Oil Producing Company, No. 8489 on the docket of the said Court of Civil Appeals, decided October 27th, 1937, and motion for rehearing denied November 24th, 1937, which decision is reported in 110 S. W. (2d) 953, is stare decisis of the location of the southeast corner of the Hitson Brown Survey and the southwest corner of

the Francis W. Johnson Survey, and finally adjudicated that the southeast corner of the said Hitson Brown Survey and the southwest corner of the Francis W. Johnson Survey constitute a common corner and, therefore, the land sued for by plaintiff is not vacant unpatented land belonging to the State of Texas, all of which appears from the face of plaintiff's first amended original petition, and by reason thereof, said petition does not state a cause of action, and the court is, therefore, of the opinion that said general demurrer should be sustained."

The Court of Civil Appeals concluded that the judgment in the Atlantic case, supra, was res adjudicata as to the State and stare decisis as to Richards. But little need be written here. A careful reading of the opinion of the Court of Civil Appeals in the Atlantic case will disclose that therein the State brought suit to establish as vacant certain parcels of land on the south end of the Francis W. Johnson Survey. The field notes of said survey did not call for the meanders of Sabine River, which bounded it on the south, but contained a number of calls by course and distance. Those calls did not correspond with the meanders of the river and an application thereof to the ground revealed that the line as called for by the field notes at places would cross the river and at other places would run some distance north of it, resulting in the leaving of a number of detached parcels of land. A map attached to the opinion of the Court of Civil Appeals in the Atlantic case, and appearing in 110 S. W. (2d) p. 956, well illustrates what land was in controversy in that suit. The only question at issue in that case was the question of whether the south boundary line should follow the meanders of the river or the course and distance calls of the field notes. The trial court peremptorily instructed a verdict against the State and rendered judgment thereon and the Court of Civil Appeals, in affirming that judgment, held that as a matter of law the river was the true boundary line. There were no issues of fact and nothing else was adjudicated. It is true that the description of the land sought to be recovered in that case as contained in the State's petition called for the southeast corner of the Hitson Brown. Obviously, the State sued upon the theory that the claimed vacancy in the Francis W. Brown Survey was on the south end thereof. It assumed that the southeast corner of the Hitson Brown and the southwest corner of the Francis W. Johnson surveys were a common point, but that was not at all the issue litigated. The judgment in the Atlantic case was merely that the State take nothing. It was based upon a peremptory instruction. Had there been an issue of fact in that case the peremptory instruction

was improperly given, and it would have been so held. The judgment in no sense rested upon a finding that the two surveys mentioned had a common boundary line.

The foregoing accords with the generally accepted rule stated in 34 C. J. 916, as follows:

"Or, as the rule is otherwise stated in some of the decisions discussing this matter, in a second action between the same parties on a demand different from that in the first action, the judgment in the first action is an estoppel only as to the points controverted, on the determination of which the finding or verdict was rendered. And in order that this rule should be applied, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first."

This court approved the above rule in Houston Terminal Land Co. v. Westergreen, 119 Texas 204, 27 S. W. (2d) 526, although in that case the plea of res adjudicata was sustained on the record. Another Texas case supporting the above conclusion, based upon a record somewhat similar to that here in Delaune v. Beaumont Irr. Co., 60 Texas Civ. App., 452, 128 S. W. 174, error dismissed.

On the kindred question of stare decisis we deem it sufficient merely to cite State v. Franks, 113 S. W. (2d) 589, error refused, and Maxcy v. Norsworthy, (Tex. Civ. App.) 19 S. W. (2d) 926.

The question of whether the State has taken inconsistent position is not before us at all. Our limited question is whether a general demurrer was properly sustained to its petition and we are well convinced that it was not. Accordingly, the judgments of the trial court and the Court of Civil Appeals will both be reversed and the cause remanded for trial on its merits.

Opinion adopted by the Supreme Court May 15, 1940.

Moore, Chief Justice, disqualified and not sitting.