**FRANKLIN LIFE INSURANCE COMPANY, Appellant,**

v.

**Charles J. ROGERS, Appellee.**

No. 3387.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1958.

Rehearing Denied Sept. 19, 1958.

Lang, Byrd, Cross & Ladon, San Antonio, for appellant.

Baskin, Casseb & Casseb, San Antonio, for appellee.

GRISSOM, Chief Justice.

Rogers was the agent of Franklin Life Insurance Company for the purpose of soliciting applications for insurance. They had a written contract which provided for payment of commissions to Rogers. Section 23 provided that if Franklin should be sued because of an "alleged" act of Rogers all expense of such a suit should

be paid by Rogers. Rogers sold policies to John M. Faggard. Faggard sued Rogers and Franklin Insurance Company to cancel the policies and recover the premiums paid because of an alleged misrepresentation by Rogers. A jury found that Rogers had represented to Faggard that if he would buy the policies Faggard would get a net dividend of 15% per year on the premiums paid; that this representation was false and a material inducement to Faggard to purchase the policies and that Faggard believed and relied thereon. The court rendered judgment for Faggard. In that case Franklin alleged Section 23 of its contract with Rogers and prayed that "if" Faggard recovered a judgment against Franklin that it recover judgment over against Rogers for the same amount plus $1,500 attorneys fee and all other expense of defending Faggard's suit. The trial court, having rendered judgment for Faggard against Franklin for the amount of the premiums paid, rendered judgment for Franklin against Rogers for the same amount and $1,500 attorneys fee, with 6% interest thereon from the date of said judgment. The San Antonio Court held that Faggard had no right to rely upon the representation that the jury found Rogers made to induce Faggard to purchase the policies and reversed and rendered judgment that Faggard take nothing against Franklin and that Franklin recover nothing from Rogers. Franklin Life Insurance Company v. Faggard, Tex.Civ.App., 296 S.W.2d 335.

Thereafter Rogers instituted this suit against Franklin for commissions for the sale of Franklin's policies. Rogers alleged that Franklin had charged his commission account with the attorneys fees incurred in defense of Faggard's suit, with interest, amounting to $2,597.02, and that Franklin had thereby converted his commissions and that he was entitled to commissions totaling $2,812.58. He alleged that the judgment in the Faggard case had determined that Franklin was not entitled to recover attorneys fees incurred in the defense of

the Faggard case and that Franklin was estopped by said judgment from relitigating his liability for said fees. Rogers then alleged that he had demanded payment of said "wages or salaries", in the form of commissions, more than thirty days before filing suit and Franklin had refused to pay the same and, therefore, he was entitled to recover attorneys fees.

Franklin answered that it had complied with its contract and that it had not refused to pay Rogers any money "for which it is or might be liable". It denied that plaintiff was forced to employ counsel to collect any money Franklin owed him and that it was not indebted to Rogers for any amount over and above "current collections". Franklin then alleged the written contract with Rogers and, specifically, Section 23; alleged the filing of the suit by Faggard and that Franklin had to employ counsel to defend that suit and that under Section 23 it had the right to, and did, reimburse itself from Rogers' commission account for attorneys fees incurred in defending that suit. Wherefore, it prayed that Rogers take nothing.

Rogers filed a motion for a summary judgment. He alleged that his pleadings and affidavit, a copy of the pleadings, verdict and judgment in the Faggard case and the mandate of the Court of Civil Appeals, all of which were attached, showed there was no genuine issue as to any material fact and, as a matter of law, he was entitled to judgment for the commissions sued for, without deduction of said attorneys fees. Rogers alleged that Franklin was estopped from "relitigating" the question of his liability for attorneys fees in the Faggard case under the "contract sued on". Rogers alleged Franklin had notified him that it had charged his commission account with $2,597.02 attorneys fee incurred in defending that suit. Rogers then alleged that he demanded payment of the commissions withheld by Franklin and it had refused to pay the same and he had been required to employ counsel. He attached Franklin's pleadings in the Faggard case,

in which Franklin sought to recover from Rogers the expense of defending that suit only in the event Faggard had judgment against it. Rogers also attached the verdict and judgment of the District Court in the Faggard case and the final judgment of the Court of Civil Appeals, which reversed and rendered the judgment of the trial court for Faggard against both Franklin and Rogers and the judgment for Franklin over against Rogers for indemnity and attorneys fees.

Franklin answered Rogers' motion for a summary judgment by denying that the pleadings, affidavits and exhibits showed he was, as a matter of law, entitled to judgment and alleged there were issues of material fact to be tried, as shown by his affidavits and exhibit. Franklin then alleged that in the Faggard case the only issue decided between Franklin and Rogers was whether Rogers was liable under their contract for indemnity and attorneys fees if Faggard recovered judgment against Franklin; that the defense here relied upon by Franklin, that Rogers is liable to reimburse it for attorneys fee incurred in defending an action where misrepresentation by Rogers was alleged but not proved, was not an issue in the Faggard case and said issue had not been adjudicated. Attached thereto was the affidavit of Franklin's counsel that he was in the Faggard suit and knew that the following genuine issues as to material facts were not raised nor adjudicated in that case, to wit, (a) whether Franklin had failed to comply with its contract with Rogers; (b) whether Franklin had withheld money due Rogers; (c) what amount, if any, was withheld and applied to the expense of defending the Faggard case; (d) whether Rogers had been damaged by the failure of Franklin to pay the amounts alleged to be due him; (e) what amount of damages, if any, was suffered by Rogers; (f) whether Rogers was forced by the conduct of Franklin to employ an attorney and (g) whether Rogers agreed to pay his attorney a reasonable fee. Thereafter Franklin filed a supple-

mental controverting affidavit in which its vice-president swore that he knew Franklin had "not withheld any commissions from Charles J. Rogers which were earned by" him and that it had not refused to pay Rogers any amount "due him".

The court sustained Rogers' motion for summary judgment for the commissions sued for plus attorneys fees, the reasonableness of which was agreed to, with interest on the commissions from the date they were withheld. Franklin has appealed.

Franklin's points are that the court erred in granting Rogers' motion for summary judgment because the pleadings and affidavits raise issues of material fact and, under its agency contract, Franklin was entitled to reimburse itself for attorneys fees regardless of the result of the Faggard suit and that Rogers' contention that its right to attorneys fees had been adjudicated in the Faggard case was without merit. It says that Rogers' affidavit that Franklin has withheld and refused to pay commissions earned by Rogers and its vice-president's affidavit that it "has not withheld any commissions" from Rogers which were earned by him are contradictory. Rules of Civil Procedure, rule 166-A (c) provides that judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damage, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rules of Civil Procedure, rule 166-A(e), provides, "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein". The affidavit of Franklin's vice-president that it "has not withheld any commissions * * * which were earned by" Rogers and it has not refused to pay any amount "due him" appear to be conclusions, not statements.

of facts to which he could testify. However, its affidavit included the statement that the issue in this case of the right to recover attorneys fee for defending the Faggard suit was not adjudicated in that case. The burden was on Rogers to establish that he was "entitled to a judgment as a matter of law". Rules of Civil Procedure, rule 166-A. He did not sustain this burden. All doubts must be resolved against him. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Piercing the pleadings, as we are supposed to do, there was no real controversy but that Rogers had earned the commission sued for. However, the court erroneously concluded that as a matter of law Franklin could not, in effect, offset this claim by taking from the fund in its possession Franklin's reasonable attorneys fees incurred in defending the Faggard case. This action was based on the court's conclusion that Franklin was estopped by the judgment of the Court of Civil Appeals from recovering attorneys fees. The applicable rule has been stated as follows:

"The operation of a judgment as an estoppel extends only to matters that were either expressly determined or necessarily involved in the adjudication." 26 Tex.Jur., 180.

"The scope of an estoppel is governed by the matters set up in the pleadings. Thus when suit is brought against a corporation on its guarantee of a note to collect from it the interest then due, the answer may be so framed as to require the adjudication of one issue or of several; and the scope of the estoppel, in a subsequent suit to collect the principal of the notes, will be as broad as the issues raised and adjudicated; if the only defense is that the contract was ultra vires, that issue alone will be concluded in the subsequent suit. So if the defendant in an attachment suit does not raise the issue of homestead, and the plaintiff does not amend after the writ has been levied, setting up that the property levied on was not a homestead, the judgment, foreclosing the attachment lien, cannot be regarded, in a subsequent suit between the parties, as conclusive that the property was not a homestead, because the matter was neither directly on the point nor necessarily involved in the decision of the controversy." 26 Tex.Jur., 188, 189.

In State v. Selby Oil & Gas Co., 135 Tex. 146, 139 S.W.2d 781, 782, our Supreme Court, in an opinion by Judge Hickman, quoted the following with approval:

" 'And in order that this rule should be applied, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first.' "

See also Seligson & Co. v. Collins, 64 Tex. 314; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; and Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526, 528.

In the Faggard case Franklin asked for judgment for attorneys fee against Rogers only in the event Faggard had a judgment against it. The jury found that Rogers made the representation that was the basis of Faggard's suit. The trial court rendered judgment on that verdict for Faggard against Franklin and for Franklin against Rogers for indemnity and attorneys fees. The appellate court reversed and rendered that judgment solely because Faggard did not have a right to rely on Rogers' representations. The judgment of the trial court was that Franklin recover its attorneys fees from Rogers. The judgment of the appellate court that Franklin recover nothing from Rogers was not based on any fact, or law, that could defeat Franklin's right to recover attorneys fees in the present case. Whether Franklin was in all events entitled to recover attor-

neys fees from Rogers was not distinctly put in issue and was not necessary to the decision made. Under its pleadings Franklin could not have recovered from Rogers unless Faggard maintained his judgment against Franklin. When Faggard's judgment was reversed it followed that Franklin's judgment against Rogers should also be reversed. But the question here presented was not in issue and was not decided. It was reversed because Franklin had asked for attorneys fees only in the event Faggard had a judgment against Franklin. It was not a judgment on the merits. Rogers has not maintained the burden of showing that the issue here involved was decided in that case. See 26 Tex.Jur., 180–194; Davis v. First National Bank, Tex.Com.App., 139 Tex. 36, 161 S. W.2d 467, 144 A.L.R. 1; Charles E. Harding Co. v. Harding 352 Ill. 417, 186 N.E. 152, 88 A.L.R. 574.

The judgment is reversed and the cause is remanded, as prayed for by appellant.