**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Elma B. RAMPY, Appellee.**

**No. 4292.**

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1964.

Rehearing Denied Jan. 21, 1965.

Ramey, Brelsford, Hull & Flock, Donald Carroll, Tyler, for appellant.

Hugh Reed, Jr., Fairfield, Rex Houston, Henderson, for appellee.

WILSON, Justice.

The principal questions in this workmen's compensation case concern good cause for late filing of claim under Art. 8307, Sec. 4a, Vernon's Ann.Tex.Civ.St., res judicata, and variance between the injury claimed and that proved. Judgment was rendered for claimant-appellee on a jury verdict in Freestone County. The extent and duration of incapacity, and injury in the course of employment are not in issue here.

Claimant worked for an oil well servicing firm located in Henderson County. His duties, as a member of a well servicing crew required him to work at various sites in several counties served by his employer, including Henderson, Anderson and Freestone Counties, all of which are contiguous. There is evidence to show claimant sustained a heat stroke or heat exhaustion in each of the latter three counties in the order listed in April and May, 1962. Each was a distinct and separate accident, occurrence or injury. There is evidence to show that the first occurrence was on an uncertain date in April or early May, 1962, after which claimant was off work about a week. He then had no medical attention. There is evidence to show another such episode occurred in Anderson County late in May, 1962, "along either the 24th or 26th," at which time he was carried home by his foreman, but there was again no medical treatment. There is also evidence to show a third heat stroke or exhaustion in Freestone County the latter part of May, 1962, (on the 24th, 26th or 31st). On this latter occasion claimant was taken to a

hospital where he received medical treatment. His first day in the hospital is shown by its records to have been May 31, 1962. Claimant's testimony as to dates and location of these occurrences was equivocal and uncertain. The evidence shows he sustained brain damage and loss of memory from the heat strokes or heat exhaustion.

Claimant filed a claim with the Industrial Accident Board June 26, 1962, giving the date of injury as May 24, 1962 and the place as Freestone County. He stated the names of the hospital and the attending physician. Previously the employer's first report of injury had been filed with the Board stating the date of injury was May 31st and the place was Anderson County. On June 28th the Board wrote claimant advising that the employer had reported a different date of injury, and requesting that claimant "please clarify" the date. The caption of this letter showed "Freestone County." It did not request clarification as to place of the injury claimed. Claimant responded on July 6, 1962: "I had the date wrong; it was the 31st of May instead of the 24th. I did get too hot on the 24th, but did not go to a doctor at the time." This letter did not refer to the county of injury.

There is testimony that in June, 1962 claimant's employer and the carrier's claim agent told him his injury was sustained on May 31st "either in Henderson County or in Anderson County" not in Freestone County; and that the agent took a statement from him, stating "they were reporting it", and his "compensation would start in a few days."

Thereafter claimant employed counsel who filed an "amended" claim form July 16, 1962, alleging an injury which occurred on or about April 16, 1962 in Henderson County. The attorney's transmittal letter noted, "It is my understanding that he has heretofore filed a claim with you concerning a reoccurrence of his injury some time in May." On August 2, 1962 another "amended" notice and claim form was filed

by claimant's attorney alleging injuries "1st, on or about April 16, 1962" in Henderson County; "2nd, about May 31, 1962" in Anderson County. The Board wrote the attorney concerning the "discrepancy" in dates, but did not refer to the place of injury.

The Board entered an order denying appellee's claim, reciting "date of injury on or about 4–16–62 & 5–31–62." This order will be considered subsequently. Claimant appealed to the District Court of Henderson County, alleging that he was injured on or about April 16 in Henderson County and again on or about May 31, 1962 in Anderson County. The pleading did not refer to a Freestone County injury. On a jury verdict to the effect that claimant did not sustain the injury claimed in Henderson County, a take-nothing judgment which subsequently became final was rendered in April, 1963 by the Henderson County District Court.

May 7, 1963 claimant's attorney filed another notice and claim, alleging he suffered heat stroke or heat exhaustion May 3, 1962 in Henderson County, and still another alleging he was so injured May 26, 1962 in Freestone County, again naming the doctor and hospital. On May 27, 1963 the Board denied these claims on the ground that "we have already entered a decision in the claim of Elma B. Rampy for heat exhaustion while in the employ" of his employer. The appeal from this decision constitutes the present action.

Claimant's petition in the present suit alleged heat stroke or heat exhaustion on May 26, 1962 in Freestone County. He filed a trial amendment alleging he had three "heat episodes": Henderson County May 3, 1962, Anderson County May 25th or 26th, 1962, and Freestone County on or about May 31, 1962, the latter being the injury which required his hospitalization and caused his permanent disability.

Defendant denied the claim was filed within the statutory period and denied ex-

istence of good cause for the failure. Claimant pleaded as good cause that "on or about a date he had believed in good faith was April 16, 1962, but which his employer subsequently proved was actually May 3, 1962 he had a mild heat stroke or exhaustion; that on or about May 26, 1962 he had his most severe occurrence in Freestone County," and on May 31 in Anderson County he "fell out" and became completely unable to work. He believed in good faith, as did his employer, it was alleged, that his disability was caused by the occurrence of May 31, 1962 in Anderson County. Other averments were made concerning confusion in dates and places, and representations made to claimant by his employer and appellant's agent as to the date and place of his injury. He alleged his belief continued until, in the Henderson County trial, the carrier contended his disability arose May 26, 1962 in Freestone County.

Appellant pleaded the Henderson County judgment in bar as res judicata.

The jury found in effect, as material here, that claimant suffered heat exhaustion in Freestone County on or about May 31, 1962; that in June 1962 appellant's agent and the employer advised claimant they were reporting his injury "as a Henderson or Anderson County injury", and told him he should so report, and he would begin receiving compensation when he did so; that he relied on these statements; that the Board's letter caused him to discontinue action on his Freestone County injury until May, 1963; that he continued his belief his disability resulted from the Henderson or Anderson County injuries until the time or reasonably near the time he filed his May, 1963 Freestone County claim; that claimant's brain damage and loss of memory disabled him from prosecuting his Freestone County claim; that the matters found constituted good cause for failure to sooner file his Freestone County claim.

■ Appellant's first three points assert absence or inadequacy of evidence to show good cause on the part of claimant or his attorneys to sooner file a claim. Although neither of the parties appear from the briefs to have considered the matter, we are convinced the record does not show claimant failed to file a claim on the Freestone County injury within the statutory period. Within a month after May 31, 1962 he filed a claim alleging a heat stroke or exhaustion in Freestone County assigning date of injury as May 24, 1962, (changed to May 31, 1962 in response to the Board's letter that the employer said this was the actual date of injury). The Board carried every claim ever filed for appellee under the same file number. It did not act on a claim for a Freestone County injury until it entered the order appealed from in this case. The Board's records designate it as a Freestone County injury. The claim was filed on June 26, 1962, within the statutory time. In our opinion the question of good cause for failure to file the claim in time is not in the case.

■ It is suggested by appellee's counsel in oral argument that the Board's order of November 30, 1962 disposed of the Freestone County injury claim filed June 26. When claimant's attorney forwarded amended notice and claim to the Board on July 13, 1962 (referring only to Henderson and Anderson County injuries) he noted that claimant had previously filed a claim for "reoccurrence of his injury on some date in May." Additional amended claim was forwarded by the attorney to the Board July 31, 1962. Again only Henderson and Anderson County injuries were listed. The attorney requested *this* claim (form on which was enclosed in his transmittal letter) to be set for hearing. The ensuing notice of hearing forms and subsequent Board correspondence listed Anderson as the county of injury. Freestone County is not mentioned. One of these forms was appellant's. The Board's order of November 30th denying compensation recited its finding that claimant failed to establish injury "as alleged". We do not find Freestone County mentioned in these proceedings. In our opinion the Board

did not determine it by the November, 1962 order. 100 C.J.S. Workmen's Compensation § 657, p. 993.

█ If our conclusion that the Freestone County injury claim was filed in time is incorrect, and the good cause was an issue properly litigated, we are nevertheless of the opinion that the evidence is adequate to establish good cause.

██ Appellant's contention concerning res judicata is founded on the argument that the Henderson County judgment adjudicated an injury claimed to have occurred on or about May 31, 1962, which is the same date as the Freestone County claim involved in the present suit. Neither the pleadings, the jury verdict nor the judgment in the Henderson County suit referred to an injury in Freestone County. The jury verdict in that suit answered only that claimant did not sustain heat exhaustion "in Henderson County." If the Henderson County District Court had no jurisdiction to adjudicate the Freestone County injury claim, as we believe, its judgment is not res judicata here. Todd Shipyards Corp. v. Texas Employment Commission, 153 Tex. 159, 264 S.W.2d 709, 713. It is "identity of injury", not identity of date which determines whether the Henderson County court had jurisdiction, and whether its judgment determined the Freestone County injury claim. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W. 2d 322, 324; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631, 633, writ dis., C.J. Cf. Brown v. Texas Employers' Ins. Ass'n., Tex.Civ.App., 276 S. W.2d 314, writ ref. n. r. e.; Safety Casualty Co. v. Brown, (5 Cir.) 229 F.2d 889; Zurich General Accident & Liability Ins. Co. v. Daffern, (5 Cir.) 81 F.2d 179, 180. In a second action "between the same parties on a demand differing from that in the first action, the judgment in the first action is an estoppel only as to the points controverted, on the determination of which the finding or verdict was rendered." State v. Selby Oil & Gas Co., 135 Tex. 146, 139

S.W.2d 781, 782. The Henderson County judgment was not conclusive in the present action.

Other points have been considered and are overruled.

Affirmed.