**TEXAS EMPLOYERS' INSURANCE ASS'N, Petitioner,**

**v.**

**Elma B. RAMPY, Respondent.**

**No. A–10643.**

Supreme Court of Texas.

July 7, 1965.

Rehearing Denied July 28, 1965.

Ramey, Brelsford, Hull & Flock, Donald Carroll, Tyler, for petitioner.

Hugh Reed, Jr., Fairfield, Gordon Wellborn & Rex Houston, William W. McNeal, Henderson, for respondent.

POPE, Justice.

Elma B. Rampy sued for and obtained a judgment for total and permanent disability and the Court of Civil Appeals affirmed. 386 S.W.2d 198. The trial court overruled defendant's plea that this action was barred by res judicata. It is our opinion that the plea should have been sustained. Rampy while working for Mobile Well Service Company, sustained three heat strokes in three different counties between April 16 and May 31, 1962. The first stroke occurred on April 16 in Henderson County, the second about May 24 in Anderson County, and the third on May 31 in Freestone County. After each of the first two strokes Rampy was away from his work for about a week but received no medical attention. Following the third one, he was hospitalized and received medical attention.

We shall detail the proof that defendant offered on its plea of res judicata. Both Rampy and his employer filed notices of Rampy's injuries after his 1962 heat episodes, but the notices stated conflicting dates and places of the injury. Rampy's notice of injury described a heat stroke on May 24 in Freestone County. His employer's report of injury showed it occurred on May 31 in Anderson County. The Industrial Accident Board asked for clarification of this confusion. Rampy then wrote the Board, "It was the 31st day of May instead of the 24th. I did get too hot on the 24th but did not go to a doctor at that time." On July 13, Rampy sent an amended notice of injury which stated the date of injury was on or about April 16. He also described the other two heat strokes and asserted total and permanent disability. On July 31, Rampy mailed a second amended notice which stated that the first injury occurred on or about April 16, 1962 in Henderson County and the second injury occurred on or about May 31, 1962 in Anderson County. The description of the injury called attention to all three of the episodes and asked for total and permanent disability in these words:

"I worked approximately one week total after that time. I was wrenching rods on a rod job; I became too hot, suffered heat stroke or heat exhaustion, became disabled and missed the next several days of work; tried to work again for the same employer on two

separate occasions, suffered heat exhaustion on each occasion; am now totally disabled and the disability is permanent."

The Board then confirmed these dates by notifying all parties that their files showed "the date of injury is on or about April 16, 1962 and May 31, 1962." It was upon that basis that the Board proceeded. After some delay in ruling, claimant's counsel advised the Board by letter that it was relying upon the medical report of Dr. Axelsen and urged the Board to make its decision. That report reviews the history of the three episodes beginning in April and recurring on May 24 and May 31. The Board had before it the history and medical report of all three incidents. Rampy's argument now is that only the first or Henderson County injury was considered by the Board. The whole record of the Board disputes the contention.

On November 30, 1962, the Board denied the claim for injuries which occurred "on or about 4–16–62 and 5–31–62." The Board order did not undertake to identify the injuries by place of injury. Rampy appealed to the District Court of Henderson County and he too identified the injuries in his pleadings by using the same dates used in the Board's order. He stated in his pleadings, however, that the May 31 injury occurred in Henderson County instead of Freestone County. The District Court on July 9, 1963 also denied all recovery "by reason of injuries sustained on or about April 16, 1962 and again on or about May 31, 1962." Rampy did not appeal and the judgment became final.

Rampy then started over and on May 6, 1963 he filed two new claims with the Board. He asserted one claim for an injury sustained on May 3, 1962 in Henderson County and another claim for an injury sustained on May 26, 1962 in Freestone County. The Board denied both claims because it had "already entered a decision in the claim." Rampy appealed to the District Court of Freestone County but pleaded three injuries sustained on May 3, May 26, and May 31. It was the May 31 episode for which the jury found that Rampy had suffered total and permanent incapacity and upon which the trial court granted judgment.

Defendant's plea of res judicata should have been sustained because the Board and District Court of Henderson County had previously denied Rampy's claim for injuries which occurred on May 31, 1962, and Rampy's new claim was the identical one previously denied. The time, injury, disability, parties and causes are the same. Rampy's May 31, 1962 injury was in issue before the Industrial Accident Board when it made its decision on November 30, 1962 and was also before the District Court of Henderson County when it rendered its judgment. Defendant won a final judgment on the merits and it was a bar to subsequent litigation of the same cause of action between the same parties as to all matters which were litigated or might have been litigated in the first action. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1943); Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467 (1942), 144 A.L.R. 1; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044 (1937); Nichols v. Dibrell, 61 Tex. 539 (1884); Foster v. Wells, 4 Tex. 101 (1849).

If, as Rampy argues, the prior Board order and the judgment passed upon the first and second heat strokes but not the one that occurred on May 31, 1962; the prior judgment is still a bar. Ocean Accident & Guarantee Corporation v. Pruitt, 58 S.W.2d 41 (Tex.Com.App.1933) presented a similar situation. Pruitt suffered a heat stroke on August 29, 1928 in Harrison County. Two days later he had another stroke in Marion County. On September 5, he returned to work and worked all day. The next day he died. The claimants contended that the Board, in its denial of compensation, passed only upon the claim arising out of the first

stroke in Harrison County and began anew with the Board by filing notice of injury for the stroke which occurred in Marion County, the last one. The court held that the Board's decision on the claim arising out of the first stroke was a bar to the one that occurred two days later, saying:

"* * * This is because the decision of a court of competent jurisdiction is conclusive, not only as to the subject-matter determined, but as to every other matter which the parties might have litigated in the case, and which they might have decided. In other words, the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time. * * * It is clear that the board, as shown above, had potential jurisdiction of this entire matter, and had jurisdiction when it made its original order or award denying compensation to these claimants to have considered the cause of death and made an award based thereon, regardless of which injury produced it. It is further the rule that the final award of the board unappealed is entitled to the same faith and credit as a judgment of a court. There is therefore no escape from the conclusion that the award of November 14, 1928, made by the Accident Board denying these claimants compensation from this insurer on account of the death of Frank Pruitt was and is res judicata of this entire suit."

The judgment of the District Court of Henderson County was a denial of Rampy's claims for compensation arising out of all three heat episodes and was a bar to this action. The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is rendered that Elma B. Rampy take nothing.