Arturo C. **GONZALEZ** et al., Appellants,

v.

William G. **BURNS**, Appellee.

No. 14492.

Court of Civil Appeals of Texas.

San Antonio.

July 27, 1966.

Rehearing Denied Sept. 21, 1966.

Arturo C. Gonzalez, Del Rio, for appellants.

Bobbitt, Brite, Bobbitt & Allen, San Antonio, for appellee.

BARROW, Justice.

This is a venue action involving Subdivisions 3 and 29a of Article 1995, Vernon's Ann.Civ.St. William G. Burns, a resident of Bexar County, brought this suit in Bexar County against Arturo C. Gonzalez and Ramon D. Bosquez, residents of Val Verde County, individually and as partners, d/b/a Inter-American Advertising Agency; Compania Radiodifusora de Coahuila, S.A., a legal entity established under the laws of Mexico; Lester L. Roloff and Roloff Evangelistic Enterprises, a corporation, both domiciled in Nueces County; and Lawrence Brandon, a resident of Caddo Parish, Louisiana, individually and as a partner in Brandon-Smith Advertising. Brandon was never served and entered no appearance. All other defendants filed pleas of privilege which were overruled after a non-jury trial. Gonzalez, Bosquez and Compania Radiodifusora de Coahuila, S.A. (hereinafter referred to as Radiodifusora) have perfected this appeal.

Appellants complain of the sufficiency of the controverting affidavits to

their pleas of privilege. Appellee replead verbatim those allegations of his petition covering the essential venue facts, setting them forth in the body of the controverting affidavits and affirmatively alleged their truth, both in the body and the verification of each plea. Appellee's controverting pleas were sufficient. Leonard v. Maxwell, 365 S.W.2d 340 (Tex.1963); McCarty v. Hinman, Tex.Civ.App., 342 S.W.2d 29, no wr. hist.

Appellants urge appellee's cause of action is based upon the same subject matter as previously asserted by appellee in a cross-action filed against these appellants in Cause No. F–148,181, and that venue against them is in Val Verde County under the doctrine of res judicata. By other points appellants urge the failure of appellee to plead and prove a cause of action against an out-of-state defendant to which each of appellants is a necessary party.

To pass upon these points it is necessary to examine the very complex procedural and factual background of this suit. Radiodifusora operates radio station XERF located in Villa Acuna, Mexico. Many of its programs are of a religious nature and are transmitted in English to the United States. On June 20, 1957, Burns and Roloff, Inc., made a contract with Radiodifusora and Inter-American Advertising Agency whereby, for the sum of $100,000 paid by Roloff, Inc., through Burns, two fifteen-minute spots (6:45–7:00 a. m., and 9:00–9:15 p. m. CST) were sold to Burns and Roloff, Inc., for the life of the station. On June 16, 1958, Roloff, Inc., assigned to Burns its rights under this contract, effective June 16, 1962. The station was shut down at various times during the period in controversy, for reasons which are not fully disclosed by this record. In September, 1960, a shut-down occurred, and it is alleged that no other programs were broadcast under the 1957 contract, particularly none by Burns, under his assignment. On July 28, 1962, Burns made a contract with Christian Jew Hour, Inc., whereby these program periods were sold to it for a period

of four years at $20,000 a year. The sum of $20,000 was paid Burns by Christian Jew Hour, Inc., but the station refused to broadcast any of its programs.

Christian Jew Hour, Inc., filed Cause No. F–148,181 in Bexar County against Burns, Radiodifusora, Bosquez and Gonzalez, to recover the $20,000 paid by it, and other incidental expenses. Burns filed a cross-action against the other defendants and asserted that each of them had breached the June 20, 1957, contract, and sought to recover his damages for this breach. Pleas of privilege to this cross-action were filed by Radiodifusora, Bosquez and Gonzalez, to remove same to Val Verde County. The record reflects that a hearing was had on these pleas on February 7, 1963, and the rough minutes of the court show: "hearing was had, 6 witnesses heard, order sustaining plea of privilege to come." This order was not actually signed by the trial judge until September 2, 1964. In the meantime a motion for dismissal without prejudice was presented by Burns on this cross-action and signed by the court on March 1, 1963.

On July 29, 1964, the present suit was filed by Burns wherein the foregoing contracts and factual background were alleged by him. In addition, he asserts that on May 24, 1963, a contract was entered into by him with Radiodifusora and Inter-American Advertising Agency, whereby in consideration of his agreement to divide the commissions realized from sale of these program times with the Agency, the contract of May 20, 1957, and the subsequent assignment of Roloff, Inc.'s rights to Burns were expressly recognized, and the parties agreed to carry out the contract terms. It is not claimed that any of the contracts are performable in Bexar County. Brandon and his partnership were sued because they had claimed to be the exclusive sales representative of all XERF program times. Roloff and Roloff, Inc., were sued because Roloff was allegedly using one of the program times assigned to Burns. Appellee sought a judgment for damages for past breach of contract and for future specific performance of the 1957 and 1963 contracts, together with injunctive relief restraining all defendants from interfering with his rights to control these broadcasting periods.

■ It is well settled that where a plaintiff takes a non-suit while defendant's plea of privilege is pending, the venue in a subsequent action between the same parties on the same claim is thereby fixed in the county of defendant's domicile, when the question of venue is raised. McDonald, Texas Civil Practice, § 4.62; Clark, Venue in Civil Actions, Chap. 36, § 1a; Southwestern Inv. Co. v. Gibson, Tex.Civ.App., 372 S.W.2d 754, no wr. hist.; Gathright v. Riggs, Tex. Civ.App., 344 S.W.2d 757, no wr. hist. Appellee urges that this rule has no application in this case because this suit is based in part upon transactions occurring since the former action, in that it is for determination of all rights held by him under the contract dated May 23, 1964, as a novation of the contract of May 20, 1957.

Insofar as appellant Gonzalez is concerned, there is no proof to connect him to the contract dated May 24, 1963. It is undisputed that this contract was actually executed on September 24, 1963, but dated May 24, 1963. It was executed by Burns, individually, and Bosquez, purportedly on behalf of Inter-American Advertising Agency, and Radiodifusora. Burns admitted, however, that prior to September 1, 1963, he was notified of the dissolution of the agency partnership and Bosquez's lack of authority to act for Gonzalez. In his plea of privilege, Gonzalez denied, under oath, the existence of his partnership with Bosquez at the time of the execution of the 1963 contract.

■ In Davis v. Hill, 371 S.W.2d 917, writ dismissed, this Court held that where the issue of existence of partnership is raised by denial under oath in the plea of privilege, the plaintiff must then connect the one so denying partnership with the partnership obligation. Burns failed to meet this burden of proof, insofar as ap-

pellant Gonzalez is concerned, and therefore the trial court should have sustained Gonzalez's plea based upon res judicata, after the foregoing facts were fully established in a hearing on the plea in abatement and plea to the jurisdiction.

■ These same pleas were asserted on behalf of Radiodifusora. However, there is sufficient evidence in a letter from Gonzalez to Burns, dated June 19, 1964, to support the trial court's implied finding that Bosquez was not removed as general manager and administrator of Radiodifusora until June 13, 1964.

■ Under Subds. 3 and 29a, supra, it was incumbent upon appellee to plead and prove a cause of action against a defendant domiciled out of State, and that the joinder of the other defendants was necessary to enable him to obtain full and effective relief in the suit which he is entitled to maintain against the out-of-state defendant. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Texas Plains Lodge No. 105, etc. v. Cleghorn, Tex.Civ. App., 207 S.W.2d 109; Clark, Venue in Civil Actions, p. 30.

■ There are two out-of-state parties to this suit—Radiodifusora and Brandon. Radiodifusora was alleged to be a "legal entity established and existing under the laws of the Republic of Mexico * * *." It is seen, under the uncontradicted evidence, not only from the testimony of appellant Gonzalez, but also from numerous exhibits offered by appellee, that Radiodifusora is a Mexican corporation which transacts business in Texas only in Val Verde County, through Gonzalez. Therefore, venue against it lies in Val Verde County under Subds. 23 and 27, Art. 1995, supra, and not in Bexar County under Subd. 3, supra. McMullen v. Burton Auto Spring Corp., Tex.Civ.App., 138 S.W.2d 823, no wr. hist.; Atcheson, T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921.

Thus, if venue is to be maintained in Bexar County in this case under Subds. 3

and 29a, supra, it must be based on the out-of-state residency of the defendant Brandon. There is no record of any attempt to secure jurisdiction over him, and he has entered no appearance. However, in McCarty v. Hinman, supra, it was held that lack of jurisdiction over the out-of-state defendant was immaterial to the application of Subd. 3 against a non-resident defendant who was a necessary party.

■ The question is narrowed to whether or not appellee alleged and proved a cause of action against Brandon to which the appellants are necessary parties. Brandon was not a party to either the 1957 or 1963 contract which Burns sought to have specifically performed. However, it is alleged that Burns received a letter from Brandon, dated January 10, 1964, in which Brandon asserted that he had been appointed sole and exclusive representative for station XERF and called upon Burns to account to Brandon for programing, contracts and remittances. Appellee says that in order to accord him his right to specific performance of said contract of May 24, 1963, ratifying his exclusive rights to the two specified broadcasting periods, it is necessary to divest Brandon and Brandon-Smith Advertising of any claim to control of said periods.

It was stipulated by Gonzalez that Brandon-Smith Advertising held the exclusive sales contract of station XERF during the period from January 16, 1964, to March 31, 1965, by appointment from Fernando Ramos Garza, who was placed in control of the station by the Mexican Government because of a labor dispute. However, there is no evidence that Brandon-Smith Advertising asserted a claim adverse to the contracts which are in controversy between Burns and appellants. In fact the letter from Brandon, on which the claim of Burns against Brandon is based, states in effect that the terms and conditions of the old contracts will be unchanged. It is our opinion that this evidence does not state a cause of action against Brandon. Cf. Clinging-

smith v. Bond, 150 Tex. 419, 241 S.W.2d 616 (1951), wherein the non-resident defendant had in his possession the jewels sought to be recovered by plaintiff from the out-of-state defendant. In any event, it cannot be said that any one of appellants is a necessary party to this cause of action against Brandon, as required under Subd. 29a, supra. Ladner v. Reliance Corp., supra. Therefore, venue cannot be maintained against the appellants under Subds. 3 and 29a, supra, because of the out-of-state residency of Brandon.

The order of the trial court is reversed and here rendered whereby the cause of action as to appellants Arturo C. Gonzalez, Ramon D. Bosquez and Compania Radiodifusora de Coahuila, S.A., is severed and ordered transferred to Val Verde County, pursuant to the provisions of Rule 89, Texas Rules of Civil Procedure.