William G. BURNS, Appellant,

v.

Arturo C. GONZALEZ et al., Appellees.

No. 15170.

Court of Civil Appeals of Texas, San Antonio.

Jan. 9, 1974.

Rehearing Denied March 20, 1974.

W. R. Smith, San Antonio, for appellant.

Arturo C. Gonzalez, Del Rio, for appellees.

CADENA, Justice.

This is an appeal from a take-nothing judgment entered in a suit filed by appellant, William G. Burns, who will be referred to in this opinion as plaintiff, based upon the breach by defendants of a long-term contract for the sale of broadcast time over radio station XERF, located in Ciudad Acuna, State of Coahuila, Republic of Mexico.

The defendants are Arturo C. Gonzalez and Ramon D. Bosquez, individually and as members of a partnership known as Inter-American Advertising Agency, and Compania Radiodifusora de Coahuila, S. A., a Mexican corporation which operates radio station XERF. In this opinion, defendants Arturo C. Gonzalez and Ramon D. Bosquez will be referred to by their surnames; Inter-American Advertising Agency will be identified as the "partnership"; Compania Radiodifusora de Coahuila, S. A., will be referred to as "Radiodifusora"; and the radio station will be identified as "XERF."

Our story begins on June 20, 1957, when a contract (referred to in this opinion as the "1957 contract") was executed between Radiodifusora and the partnership on the one hand, and between plaintiff and Roloff, Inc., on the other. According to this contract, Radiodifusora and the partnership sold to plaintiff and Roloff two 15-minute periods of broadcasting time daily over XERF beginning on July 1, 1957, for so long as the franchise of XERF remained in force. The consideration was $100,000, which was paid by plaintiff. This contract was signed by Bosquez, as president, on behalf of Radiodifusora, and by Bosquez and Gonzalez on behalf of the partnership. On June 16, 1958, Roloff, Inc., with the consent of Radiodifusora and the partnership, assigned all of its rights under the contract to plaintiff, effective June 16, 1962.

With some exceptions, the broadcast periods described in the 1957 contract were not made available to plaintiff after June 16, 1962. On November 28, 1962, Bosquez, purporting to act on behalf of Radiodifusora and the partnership, executed a promissory note in the amount of $40,000, payable to plaintiff on November 28, 1964. Since XERF was in receivership at this time, it was unlikely that the broadcasting periods described in the 1957 contract would be made available to plaintiff during the two-year period ending November 28, 1964, the date on which the note was payable, and the note was intended to compensate plaintiff for the profits which he would have realized during such two-year period from the sale of such broadcasting periods.

The next pertinent instrument is dated May 23, 1963, and is a contract signed by plaintiff and Bosquez, with the latter purporting to act on behalf of Radiodifusora and the partnership. The preamble to this contract recites the execution of the 1957 agreement, the assignment of the rights of Roloff, Inc., under such contract to plaintiff, and the fact that the broadcasting periods described in the 1957 contract had not been made available to plaintiff. However, nowhere in this instrument is there any reference to the $40,000 note described in the preceding paragraph of this opinion. This agreement, which will be referred to in this opinion as the "1963 contract," after expressly recognizing the rights of plaintiff under the 1957 contract, provides that, in consideration of plaintiff's agreement to forbear filing suit against Radiodifusora for breach of the 1957 contract, and plaintiff's agreement to pay one half of the money realized by plaintiff from the sale by him of the broadcasting periods, Radiodifusora agreed to ". . . air the programs that may be placed on said time segments [6:45–7:00 a. m. and 9:00–9:15 p. m., C.S.T., daily] . . ." by plaintiff for the life of XERF's concession and any extensions or renewals of such concession.

This suit was filed in Bexar County on July 24, 1964, against Radiodifusora, Gonzalez, Bosquez and others. Plaintiff's petition alleged the execution of the 1957 contract, the assignment of the rights of Roloff, Inc., under such contract to plaintiff, and the execution of the 1963 contract, with plaintiff seeking damages for the past failure of defendants to make the time available to him and future specific performance of the 1957 and 1963 contracts. This Court subsequently ruled that Radiodifusora, Gonzalez and Bosquez were entitled to be sued in Val Verde County and ordered the cause transferred to such county. Gonzalez v. Burns, Tex.Civ.App., 406 S.W.2d 527 (1966, no writ).

Meanwhile, on December 7, 1964, plaintiff filed Cause No. F–166,798 in a district court of Bexar County, seeking recovery on the $40,000 note, executed by Bosquez on November 28, 1962, against Gonzalez and Bosquez, individually and as members of the partnership. Bosquez filed no answer, and default judgment was rendered against him. Gonzalez filed a plea of privilege which was overruled, and the ruling of the trial court on the venue question was affirmed by this Court. Gonzalez v. Burns, Tex.Civ.App., 397 S.W.2d 898 (1965, writ dism'd). Following a trial on the merits,

the trial court denied plaintiff recovery on the note against Gonzalez and the partnership on the theory that the liability of Gonzalez and the partnership on the note ". . . was extinguished by a novation . . ." as a result of the execution of the 1963 contract, and that if Gonzalez and the partnership were liable to plaintiff, such liability ". . . exists by reason of the execution of . . ." the 1963 contract. The judgment in favor of Gonzalez and the partnership was affirmed by this Court in Burns v. Gonzalez, 439 S.W.2d 128 (1969, writ ref'd n. r. e.). However, this affirmance was based on the conclusion that Bosquez, who executed tthe note on which plaintiff's claim was based, had no authority to bind the partnership or Gonzalez by the execution of commercial paper. Because of this conclusion, the opinion by this Court merely noted, without discussing, the novation theory on which the judgment of the trial court had been based.

We now pick up the story in Val Verde County, to which the case now before us had been transferred from Bexar County. On January 24, 1967, plaintiff filed his second amended original petition in this case. Plaintiff's cause of action, as set out in the second amended original petition, was based solely on the 1957 contract and its breach and omitted any reference to the 1963 contract.

In answer to this amendment, defendants pleaded that the rights and obligations of the parties under the 1957 contract had been extinguished by the execution of the 1963 agreement, and that, therefore, plaintiff could not recover under the 1957 contract. On June 7, 1971, plaintiff filed his third amended original petition in which, after seeking relief based on the 1957 contract, he pleaded ". . . in the alternative . . ." the 1963 contract, describing it as ". . . that certain contract of novation . . . which . . . expressly recognizes the validity of the original contract of June 20, 1957, and carries same forward without change other than a new agreement that Plaintiff will pay over for

the account of .., . . . Radiodifusora . . . one-half of the monies realized by Plaintiff from the sale of the radio time segments described in said original contract and in said new agreement." This amended pleading contended that plaintiff was entitled, ". . . under this alternative cause of action . . ." to recover damages ". . . in amount exactly one-half of those shown and prayed for elsewhere in this petition . . .," and to a decree of specific performance of the 1963 contract.

The judgment of the trial court denies plaintiff any relief under his pleadings relating to the 1957 agreement because the 1963 contract ". . . is a novation of the contract of June 20, 1957 . . . ." We consider first plaintiff's assault upon this holding.

The attitude of the parties to the 1963 contract during the course of their continuing dispute has lacked consistency. For example, in his plea of privilege originally filed in this case, Gonzalez alleged, under oath, that Bosquez had no authority to execute the 1963 agreement on behalf of Radiodifusora and the partnership, and that such contract was not binding on Radiodifusora or the partnership. On appeal of the plea of privilege question to this Court, plaintiff relied on the provisions of the 1963 contract. On the appeal now before us, the parties have reversed their positions. Plaintiff now rejects the nurseling which he so fondly embraced at the plea of privilege stage of these proceedings, while defendants now clasp to their bosoms the child which they previously repudiated.

Defendants insist that the judgment in the case denying plaintiff recovery on the $40,000 note executed by Bosquez in 1962 is res judicata of the "novation" effect of the 1963 contract. We disagree.

As already pointed out, the judgment of the trial court in the note case was to the effect that plaintiff could not recover on the note because the liability of the partnership and Gonzalez on such note was ex-

tinguished "by a novation" as a result of the execution of the 1963 contract. While the judgment that plaintiff take nothing was affirmed by this Court in Burns v. Gonzalez, 439 S.W.2d 128, supra, the judgment of affirmance was based solely on the theory, as reflected by our opinion, that Bosquez had no authority to bind either Gonzalez or the partnership by the execution of commercial paper.

■■ Our Supreme Court has held that it is proper to look to the opinion of an appellate court ". . . to determine the basis of its judgment affirming the action of the lower court." Mayfield Company v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 187 (1939). Since our judgment did not rest on a finding of a novation, it was not res judicata of that issue. State v. Selby Oil & Gas Company, 135 Tex. 146, 139 S.W.2d 781 (1940). The majority of the courts which have considered the question have held that where a lower court's judgment is affirmed on grounds other than those on which the lower court relied, the judgment of the lower court is not res judicata as to issues which, although determined by the lower court, were not considered by the appellate court. 50 C.J.S. Judgments § 728, p. 217. That is, the failure of the appellate court to pass on a finding of the trial court as unnecessary to the appellate decision does not leave the trial court's finding res judicata on that point, even though the judgment of the trial court is affirmed. In re Delany's Estate, 258 S.W.2d 613 (Mo.Sup., Div. No. 1, 1953). Cf. Restatement, Judgments, Section 69(1), comment b.

■■ Although the 1963 contract is dated May 24, 1963, the evidence establishes that it was actually executed four months later, on September 24, 1963, after the partnership between Bosquez, who signed the contract, and Gonzalez had been dissolved. In addition, it is clear that the 1963 instrument cannot be viewed as a novation of the 1957 agreement. Under the 1957 agreement, Radiodifusora and the partnership were obligated to make the radio time avail-

able to plaintiff, the assignee of such contract. The undertaking in the 1963 instrument by Radiodifusora to make such time available to plaintiff was, therefore, nothing more than a promise to do that which the promisor was already legally obligated to do. There was, as a result, no consideration for plaintiff's promise, embodied in the 1963 contract, to forbear suing XERF and to pay one-half of the revenue realized by him from the sale of the time segments which, under the express language of the 1963 document, he already owned under the terms and conditions of the 1957 agreement, and for which, admittedly, both Radiodifusora and the partnership had been paid $100,000. Radiodifusora and the partnership assumed no new obligations. Plaintiff was relieved of no obligation imposed on him by the previous agreement. There was, therefore, no consideration to support the 1963 contract. It is elementary that an agreement which is relied on as a novation of a prior contract must, itself, be a valid and binding agreement, and that the validity of the second agreement is determined by reference to the general rules of contract law. 41 Tex.Jur.2d, Novation, Section 2, p. 547.

In view of our conclusion that the 1963 instrument was not a binding contract and that it did not extinguish or modify the rights and obligations of the parties under the 1957 agreement, we do not consider the correctness of the trial court's determination that plaintiff's recovery under the 1963 contract for damages suffered by him more than four years prior to the filing of the third amended original petition is barred by the four-year statute of limitations.

Defendants pleaded that plaintiff's cause of action for breach of the 1957 contract was barred by limitations was not considered by the trial court, since it concluded that the 1957 agreement had been abrogated by the 1963 contract. In their brief, defendants assert that, even if the rights and obligations of the parties under the 1957 agreement were not extinguished by the 1963 contract, plaintiff's cause of action

for breach of the 1957 contract is barred by limitations. We reject this contention.

■ The record reflects that the 1957 agreement, insofar as plaintiff's rights thereunder are concerned, was breached no earlier than June 16, 1962. As already pointed out, plaintiff filed this suit on July 24, 1964, prior to the expiration of four years after such breach. As we understand defendants' argument, they contend that the filing of this suit in Bexar County in 1964 did not toll the running of the statute since, as this Court held, defendants were entitled to be sued in Val Verde County. They conclude that the decisive date, insofar as their plea of limitations is concerned, is January 24, 1967, the date on which the cause was transferred from the district court of Bexar County to the district court of Val Verde County and filed in the Val Verde County court.

■ This argument is based on the erroneous notion that the district court of Bexar County had no jurisdiction over the subject matter of this suit when it was filed in such court in 1964. Defendants rely on our decision in Gonzalez v. Burns, 406 S.W. 2d 527, supra, in which we held that venue of the suit lay in Val Verde County and that the district court of Bexar County had erred in overruling defendants' pleas of privilege. This argument confuses jurisdiction and venue. The subject matter of the suit was within the jurisdiction of the Bexar County court. Defendants present no authority which even indicates that they were not properly served in connection with the filing of the suit in Bexar County. The Bexar County court, then, had jurisdiction over both the subject matter of the suit and the persons of defendants. It had full power to hear and determine all the issues involved, subject only to defendants' right to have the case transferred to Val Verde County. While it may be true, as defendants assert, that a suit filed in a court which lacks jurisdiction of the action or of the persons is not the ". . . commencement and prosecution of a suit . . ." and

does not operate to interrupt the running of the statute of limitations, but that principle is not applicable here. " 'Jurisdiction' deals with the *power* of a court to determine an action involving a particular subject matter as between the parties and to render a certain judgment. 'Venue' deals with the propriety of prosecuting a suit involving a given subject matter and specific parties in a particular county." 1 McDonald, Texas Civil Practice, Section 4.02, pp. 410–411 (1965).

There is no merit to defendants' contention that the filing of this suit in Bexar County in 1964 did not interrupt the running of the statute of limitations.

The trial court further found that plaintiff had not established a cause of action under the 1963 contract because since 1965 plaintiff had not demanded use of the time segments described in that contract, and because since 1967 plaintiff had not tendered any programs for broadcast over XERF and had not paid half of the money realized by him from the sale of such time, as provided in the 1963 agreement. Under the 1957 agreement, plaintiff was under no obligation to pay any further amounts to defendant. We have already held that the 1963 contract was not a valid agreement; and, therefore, its provisions imposed on plaintiff no obligation to make further payments. The full consideration required by the 1957 contract had been paid by plaintiff.

It is clear that, since 1962, defendants had, time and time again, taken the position that plaintiff was not entitled to the time segments described in the 1957 contract. Gonzalez had in no uncertain terms informed plaintiff that plaintiff's programs would not be broadcast unless plaintiff made additional payments based on a percentage of the amount plaintiff received as a result of the sale by him of such time segments to others. In this very case, defendants filed a cross-action against plaintiff for damages allegedly suffered by them because of plaintiff's in-

sistence, described in the cross-action as baseless, that he was entitled to exclusive use of the time periods described in both the 1957 and the 1963 instruments. According to defendants, this improper assertion by plaintiff of exclusive right to use such time segments prevented defendants from selling such time to other parties.

Because of its conclusion, which we hold as erroneous, that plaintiff's rights under the 1957 contract had been extinguished, the trial court resolved none of the issues raised by plaintiff's claim under such agreement. The judgment of the trial court must be reversed and the cause remanded for a new trial.