From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## W. T. RAWLEIGH CO. v. SHERLEY et al.

### No. 13293.

Court of Civil Appeals of Texas. Dallas.

Oct. 2, 1942.

Rehearing Denied Nov. 6, 1942.

Biggers, Baker & Lloyd, of Dallas, for appellant.

John D. Reese, of McKinney, for appellees.

BOND, Chief Justice.

Appellant instituted this suit against appellees, to recover upon a written surety agreement guaranteeing, unconditionally, the payment and agreeing to pay any balance or amount that may be due and owing appellant for merchandise sold and delivered to one J. M. Hightower, the buyer. The agreement contains numerous provisions of liability against the sureties, in case of default of the buyer, not necessary here to be mentioned; and provides that the sureties "expressly agree that any acknowledgment or approval of account, as to the correctness thereof by the above named buyer shall be binding upon them jointly and severally." This agreement is attached to appellant's petition. Also attached to the petition, and made a part thereof, is a written instrument called "Accounts Stated," charged to have been executed by J. M. Hightower, wherein Hightower acknowledged that, at the close of business on June 30, 1932, the balance due and owing by him to the appellant was $971.92, and expressly stated. "I have examined the June Statement of Account and find the balance of $971.92 to be the correct balance due the Company at the close of business June 30, 1932, which balance I agree to pay according to the terms of my Contract. (Signed) J. M. Hightower." Also attached to the petition is an itemized, verified account of merchandise purchased by Hightower after June 30, 1932, showing credits and payments on the whole of the account, leaving a balance due of $874.27,

with interest and attorney's fees. Hightower, having moved from the state, was not made a party to the suit.

Appellant hinges its suit upon the account stated, as coming within the terms of the surety agreement. Appellees answered with a mere general denial. At the conclusion of plaintiff's testimony, a jury having been waived, judgment was entered in favor of the defendants.

The point raised is the refusal of the trial court to admit in evidence the two accounts stated. The court's action is based upon the ground that, Hightower not being a party to the suit, the defendants being strangers to the transactions, and the acknowledgment and approval of the accounts not having been executed by defendants, they (the accounts) were not admissible in evidence on the execution by Hightower, without extraneous proof thereof.

It must be conceded that, independent of the "surety agreement," the accounts stated, with the acknowledgment and approval of Hightower attached thereto, would be classed as hearsay evidence as to strangers to the transactions; but where defendant sureties, as in this case, have expressly contracted with the obligee of the accounts to pay the amount due, agreeing that any acknowledgment or approval of the accounts by the maker thereof shall be binding upon them, the accounts stated and the approval and acknowledgment thereof by the maker bind the sureties. The acts of the principal, perforce of the surety agreement, imposed the obligations upon the sureties; and to prevent the introduction of the accounts and agreement in evidence, the sureties are bound to raise the issue of their correctness and execution by plea of non est factum; thus, in the absence of such plea, the accounts are admissible in evidence without extraneous proof.

On plaintiff's petition, founded upon the surety agreement, the accounts stated, with acknowledgment and approval, all in writing and charged to have been executed by the principal Hightower, with authority, knowledge and approval of the defendant sureties, the accounts should have been admitted in evidence without further proof of their correctness and execution, under Art. 3734, R.S., and Rule 93, Texas Rules of Civil Procedure. If the defendant sureties entertained any question as to the validity of the accounts, the execution thereof could

have been denied under oath, thus casting upon plaintiff the burden of proving due execution.

For the errors committed, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.