## WILLINGHAM v. HUMBLE OIL & REFINING CO.

### No. 11882.

Court of Civil Appeals of Texas. Galveston.

May 29, 1947.

Rehearing Denied June 19, 1947.

Adrian A. Spears, of San Antonio, for appellant.

George E. Ross and George B. Banks, both of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Humble Oil & Refining Company, brought the action upon a verified account for goods, wares, and merchandise of the value of $1054.25, alleged to have been sold and delivered to appellant, A. C. Willingham.

Appellant filed his plea of privilege to have the suit tried in Bexar County, the county of his residence, and appellee duly filed its controverting plea claiming venue in Harris County by virtue of the fact that on August 2, 1946, appellant had purchased certain gasoline from appellee in Austin, Texas, and had signed a service station invoice, wherein he had promised to pay appellee therefor on or before the 15th day of the succeeding month at appellee's principal office and place of business in Houston, Harris County, Texas. Appellant filed a sworn denial to appellee's controverting plea, but did not in any plea filed by him deny under oath the execution of the written instruments alleged to have been executed by him.

Upon a hearing of the allegations of said plea of privilege and the controverting plea, an order was entered by the trial court overruling appellant's plea of privilege.

Appellant predicates his appeal on the points that, appellee's controverting plea was insufficient in law to justify the overruling of his plea of privilege, and that appellee had failed to discharge the burden of proving venue facts necessary to controvert appellant's plea of privilege.

Appellant was not represented at the hearing on his plea of privilege.

The record in this case consists of the transcript and an instrument designated as a supplemental statement of facts, consisting of a service station invoice purporting to recite that on August 2, 1946, Willingham Motor Line had purchased 12.8 gallons of gasoline from appellee for the sum of $2.70, and that "customer agrees to pay Humble Oil & Refining Company, or as-

signee, on or before the 15th day of the next succeeding month for the goods listed hereon, at the principal office and place of business of Humble Oil & Refining Company, or assignee."

The supplementary statement of facts also contains a statement by George B. Banks, attorney for appellee, and a statement by the Honorable W. W. Moore, Judge of the 11th District Court of Harris County, Texas.

The statement by appellee's attorney states that the attached documentary evidence, plaintiff's original petition, defendant's plea of privilege, plaintiff's controverting affidavit, and defendant's answer thereto, were the only evidence introduced at the hearing on the plea of privilege and controverting affidavit, and that this evidence was submitted to the trial court as the statement of facts therein. The statement by the Honorable W. W. Moore recites that it had been called to the court's attention that a statement of facts was made up and forwarded to the Court of Civil Appeals which was not correct, in that it does not contain any evidence and that certain evidence was introduced upon the trial of this cause; that in the opinion of the court a corrected or supplemental statement of facts should be submitted in said cause, and that therefore the Judge of said court from his own knowledge, with the aid of the statement of facts submitted to him in the cause, had prepared, signed and filed with the clerk of said court the one page of typewritten matter and attached document. The trial court certified that said document was a true, full and correct statement of all facts given in evidence and all the evidence adduced on the trial of said cause, and that it constituted the original supplemental statement of facts therein.

The order overruling such plea of privilege recited that it appeared from the evidence that the defendant had agreed in writing to perform his obligation, or a portion thereof, in Harris County.

Rule 93, Texas Rules of Civil Procedure, provides in substance, that a pleading denying the execution by the party sought to be charged, or by his authority, of an instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him, or by his authority, shall be verified, unless the truth of such matters appear of record. The rule provides that in the absence of such a sworn plea the instrument shall be received in evidence as fully proved.

Appellee in its controverting plea alleged that "on the 2nd day of August, 1946, the defendant, A. C. Willingham, signed a service station invoice of the plaintiff at Austin, Texas, for 12.8 gallons of gasoline, at the price of 21 cents per gallon, in the amount of $2.70, for which the defendant, A. C. Willingham, agreed in said signed receipt to pay the Humble Oil & Refining Company on or before the 15th day of the next succeeding month, at the principal office or place of business of the said Humble Oil & Refining Company, at Houston, Texas, * * *."

Rule 86, Texas Rules of Civil Procedure, provides that a plea of privilege to be sued in the county of one's residence shall be prima facie proof of the defendant's right to a change of venue, but that such pleading shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea.

Appellee has attached to its original petition an itemized and verified statement of its account with appellant, showing an alleged indebtedness aggregating the amount sued for. The record shows that the service station invoice, shown in supplemental statement of facts, was introduced in evidence by appellee for the purpose of establishing venue.

■ No pleading having been filed by appellant denying under oath the execution of the service station invoice which was alleged by appellee to have been executed by him, thus casting the burden of proving its execution on plaintiff, the instrument is admissible in evidence without extraneous proof of its execution. W. T. Rawleigh Co. v. Sherley, Tex.Civ.App., 165 S.W.2d 465.

■ Appellant complains of the action of the trial court in entering its order

overruling his plea of privilege, for the alleged reason that the controverting plea did not name the particular subdivision of the venue statute on which it relied to confer venue on the court where the suit was filed. This contention cannot be sustained.

It is the established rule in this state that plaintiff is not required to plead the language of the particular subdivisions of the venue statute relied on by him and that he need not specifically refer to them. Article 2007, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2007, merely requires that the plaintiff allege the facts on which he relies, and that if the facts are sufficient to show that venue has been properly laid under one subdivision of the statute, the plaintiff may not be denied his right by reason of the fact that he pleaded other subdivisions which were not applicable. 43 Tex.Jur. pp. 813–816; Walter et al. v. Hammonds et al., Tex.Civ.App., 42 S.W.2d 1084; Templeton v. Woolverton, Tex.Civ.App., 168 S.W.2d 949.

The judgment of the trial court is affirmed.

Affirmed.