HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc., Appellant,

v.

Barbara WATSON, by Next Friend, Mrs. Rose Fauber, Appellee.

No. 3379.

Court of Civil Appeals of Texas.

Waco.

July 19, 1956.

Rehearing Denied Sept. 6, 1956.

Butler, Binion, Rice & Cook, Houston, for appellant.

Milton M. Brownlee, Madisonville, Campbell & Foreman, Livingston, Bates & Cartwright, Houston, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff, Barbara Watson, sued defendant Motor Freight Lines, alleging that defendant's truck was negligently operated and collided with her automobile owned and driven by her, in Madison County, and caused her serious bodily injuries. Defendant filed a plea of privilege to be sued in Dallas County. Plaintiff filed a controverting plea alleging that venue should be maintained in Madison County under exceptions 9a and 23 of Article 1995, R.C.S. Vernon's Ann.Civ.St. art. 1995. The Trial Court, without a jury, overruled defendant's plea of privilege. Defendant appeals, contending that: 1) There was no evidence that defendant's truck was traveling at a speed faster than a person of ordinary prudence would have driven. 2) There was no evidence that defendant's driver failed to keep a proper lookout. 3) There was no evidence that defendant's driver was driving on his lefthand side of the highway. 4) There was no evidence that defendant's driver was negligent in failing to turn back to his righthand side of the highway. 5) There was no evidence that defendant's driver failed to give plaintiff at least one-half of the highway. 6) There was no evidence that defendant's driver failed to maintain proper control over defendant's truck. 7) There was no evidence that defendant's driver was negligent in failing to properly apply his brakes. Defendant's contentions 8 through 14 contend that there was insufficient evidence to establish that defendant's driver was negligent in the particulars covered in contentions 1 through 7.

The facts giving rise to this suit are substantially that plaintiff was traveling in a southerly direction on Highway 75 through Madison County in her car, and defendant's truck was traveling in a northerly direction. The road on which both were traveling was a two-lane highway; at a place about 5 miles north of Madisonville, plaintiff's and defendant's vehicles collided, resulting in serious bodily injuries to plaintiff. Plaintiff and defendant's driver each testified that the other was on the wrong side of the road, and that that was what caused the collision and plaintiff's injuries.

The Trial Court filed no separate findings of fact or conclusions of law and none were requested.

An examination of the law applicable to the record before us is necessary.

Our Supreme Court, in North East Texas Motor Lines, Inc., v. Dickson, 219 S.W.2d 795, 796, says:

"The respondents did not request findings of fact by the trial court, but chose to appeal without having the benefit of such findings. We must, therefore, presume that the trial court resolved every disputed fact issue in favor of petitioner, the winning party, and must consider only the evidence which supports its judgment, disregarding all evidence in conflict therewith."

This court held in Wash v. Buster, 226 S.W.2d 241, 243:

"The trial being before the court without the aid of a jury and the record containing no findings of fact or conclusions of law and no request for the same, under such circumstances we must presume the court found every issuable fact pleaded by the plain-

tiff and tendered by the evidence in support of the court's action in overruling the plea."

The case of Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W. 2d 897, says:

"Where a case is tried to the court and no findings of fact or conclusions of law are filed, the judgment will be affirmed if there is any ground to support it, upon any theory in the case, every issue in the case must be resolved in support of judgment."

The case of Bradshaw v. Holmes, Tex.Civ.App., 246 S.W.2d 296, 297, says:

"In considering the sufficiency of the evidence in support of the presumed findings of the trial court, the reviewing court must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold the judgment."

See also, 4 McDonald's Tex.Civil Practice, Sec. 16.10.

Plaintiff filed suit against defendant alleging that defendant was guilty of negligence in seven different particulars in the manner that its truck was operated, towit: 1) speed, 2) lookout, 3) driving on the lefthand side of the highway, 4) failing to turn back to the righthand side of the highway, 5) failing to give plaintiff one-half of the traveled portion of the highway, 6) failing to maintain proper control, 7) failing to apply the brakes. Exception 9a, Article 1995, R.C.S., says:

"A suit based upon * * * any form of negligence * * * may be brought in the county where the act or omission of negligence occurred * * *. The venue facts necessary for plaintiff to establish * * * are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

From the record before us it is undisputed that this was a suit based on negligence, that the acts occurred in Madison County, and that defendant's servant was driving defendant's truck. The only question seems to be whether or not the Trial Court was justified in impliedly finding that the plaintiff has proved an act of negligence on the part of defendant. Actually the issue narrows down to whether any of the Trial Court's implied findings of the seven acts of defendant's negligence may be sustained.

Applying the rules of law announced to the record before us we think that the implied finding of the Trial Court to the effect that defendant's truck was on the wrong side of the road is sustainable without question. The plaintiff testified that the defendant's truck was on her side (his wrong side); the Deputy Sheriff testified that the debris (meaning pieces of car, oil, glass, etc.) was on the plaintiff's side of the road; and the pictures introduced by the defendant showing the damage to plaintiff's car are just as consistent with plaintiff's version of the case as they are with defendant's.

The record as a whole not only sustains the judgment of the Trial Court, but renders it doubtful that the Trial Court could have done otherwise.

From the foregoing it follows that the judgment of the Trial Court is Affirmed.