**MAGNOLIA PETROLEUM COMPANY,**
**Appellant,**

v.

**Hured Edward BROUSSARD, Appellee.**

No. 6363.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 3, 1960.

James T. Fitzpatrick, Dallas, for appellant.

Adams & Browne, Beaumont, for appellee.

HIGHTOWER, Justice.

This is a venue matter. Appellee Broussard's petition alleged he was injured as a result of having slipped on oil on appellant's garage floor in Jefferson County, Texas, by reason of appellant's negligence. Appellee controverted appellant's plea of privilege to be sued in Dallas County, its principal place of business, and asserted it to be a resident of Jefferson County within the meaning of our basic venue statute, Article 1995, Vernon's Ann.Civ.St., and by reason of Exceptions 9a and 23 thereto. The court, after hearing considerable evidence, overruled the plea of privilege and the matter is before us absent findings of fact and conclusions of law.

In connection with appellee's contentions that the appellant was a resident of Jefferson County, it was established on hearing that the appellant, a Texas corporation, owns, operates and maintains a large oil refinery and office for transacting its business in Jefferson County; that the refinery

is worth over fifty million dollars and employs over 3,000 persons, which is more than are employed in its Dallas office building, and more than in any other single county; that the vice-president of appellant had duties requiring his regular presence in Jefferson County, and that office space at the refinery is provided for company lawyers. Suffice it to say, however, that notwithstanding the extensive operations of appellant in Jefferson County, it was conclusively established that its principal overall business was actually conducted in and from Dallas County, the place designated in its charter as its principal office. This, appellee does not deny. He forcefully urges, however, that the facts establish the appellant to have a "second residence" in Jefferson County within the meaning of Art. 1995, supra. We do not share this view.

■ It is well established that a person may have more than one residence within the meaning of our basic venue rule. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136. Also, a corporation has often been held to be a person within the purview of such rule. 43–B Tex.Jur., Venue, Sec. 54. The consensus of our courts, however, appears to be that our legislature intended to, and did, treat corporations and individuals differently as respects appellee's contention. Their holdings are, in substance, that in actions by or against such corporations the only residences attributable to them are the place, or places, designated in the charter as the principal office or the place where the principal office is in fact located. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576; Hawk & Buck Co. v. Cassidy, Tex. Civ.App., 164 S.W. 245; Weaver v. Simmons, Tex.Civ.App., 197 S.W.2d 219; Jaques Power Saw Co. v. Womble, Tex. Civ.App., 207 S.W.2d 206; Texas Highway Dept. v. Kimble County, Tex.Civ.App., 239 S.W.2d 831. Similar legislative distinctions between corporations and individuals have been held valid. Bain Peanut Co. v. Pinson, 51 S.Ct. 228, 282 U.S. 499, 75 L.Ed. 482. As a matter of law, we hold

the judgment of the trial court erroneous to the extent that it implies a finding that appellant was a resident of Jefferson County.

■ It is also our opinion that the facts fail to sustain venue in Jefferson County under Exceptions 9a and 23 of Art. 1995. Appellee on December 26th, as an employee of Custom Motor Exchange, Inc., delivered a rebuilt truck motor to appellant's garage located on its refinery premises in Jefferson County. After unloading the motor upon a two-wheel dolly he manually backed the same, as customary, into and through the doorway of "stall 4" of appellant's garage. The garage floor was of concrete. He had backed in only a few feet, as he testified, when he slipped and partially fell upon what is referred to in the record as a spot of oil about eight inches wide. Two of appellant's employees were in "stall 4" at the time, one of whom was working under the truck for which the rebuilt motor was intended. The other stood by the doorway. It was not shown that either had knowledge of the presence of the oil. Appellee testified that five minutes before backing into the stall he had found his approach to be free of oil. He looked behind him as he backed and immediately before slipping he observed the floor to be free of oil. He observed the oil only after he had fallen. The briefs contain much discussion of the fact that the old motor had been removed from appellant's truck and drained of oil previous to the occasion in question. Such fact is of no consequence inasmuch as such operation was conducted at a location other than that at which appellee slipped and at a date two days prior thereto. Under the law applicable to the case, in order for appellee to establish liability against appellant, it was necessary for him to show: (1) that appellant put the oil upon the floor, or (2) that appellant knew the oil was on the floor and willfully or negligently failed to remove it; or, (3) that the oil had been upon the floor for such a period of time that it would have been discovered and removed

by the appellant, had the appellant exercised ordinary care. Beard v. Henke & Pillot, Inc., Tex.Civ.App., 314 S.W.2d 844 and cases there cited.

The record being devoid of such proof, the judgment of the trial court overruling appellant's plea of privilege is reversed and the cause is accordingly ordered transferred to Dallas County, Texas.