J. C. McCARTY, Jr., et al., Appellants,

v.

Jack HINMAN, Appellant.

No. 15685.

Court of Civil Appeals of Texas.

Dallas.

Nov. 11, 1960.

Rehearing Denied Dec. 30, 1960.

Cox, Wagner, Wilson & Kennedy, Brownsville, and Rudolph Johnson and John Fox Holt, Dallas, for appellants.

Passman, Jones & Whitener, and Robb Stewart, Dallas, for appellee.

THOMAS, Justice.

This is a venue case, growing out of a suit filed by plaintiff Jack Hinman of Dallas County in which he named as defendants J. C. McCarty, Jr. and W. H. Youle both alleged to be residents of Brownsville, Cameron County, Texas, and Kenneth R. Sole also known as Kenny Sole alleged to be a resident of Blackwell, Kay County, Oklahoma. McCarty and Youle filed pleas of privilege which plaintiff controverted. On hearing the pleas were overruled and the named defendants appeal. The parties will be referred to as in the trial court.

Defendant Sole was served with citation at Blackwell, Oklahoma, under Rule 108, Texas Rules of Civil Procedure, but had not appeared nor answered at the time of the hearing. Plaintiff seeks to maintain venue in Dallas County under Subd. 3 of Art. 1995, Vernon's Ann.Civ.St. as to defendant Sole and under Subd. 29a of Art. 1995 as to the Cameron County defendants, which Subds. are as follows:

> "3. Non-residents; residence unknown.—If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides.

> "29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provision of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Plaintiff's first amended original petition alleges residence of himself and defendants as above; that he is a duly licensed architect under the laws of the State of Texas; that he was employed by defendants to prepare plans and specifications for and superintend the erection of a motel unit with accessory buildings on Padre Island near Port Isabel, Texas, for a compensation of six percent of the cost thereof; that while he was performing the contract the defendants terminated his employment; he sues on the contract and in quantum meruit for his damages and attorney's fees. Plaintiff prays for judgment against the three defendants jointly and severally.

Plaintiff's suit is based on a written contract known as "The Standard Form of Agreement Between Owner and Architect", entered into on November 21, 1957, between "J. C. McCarty, Jr., W. H. Youle,

Kenny Sole hereinafter called the Owner, and Jack Hinman hereinafter called the Architect", from which it is clear that the three defendants had entered into a joint undertaking to erect a fifty unit motel and accessory improvements, and that necessarily a substantial portion of the contract must be performed in Texas.

Appellants' first eleven points on appeal complain of the state of the evidence necessary to prove for the purposes of the pleas that defendant Sole was a nonresident of the State of Texas which proof is essential to permit suit against him under Subd. 3, Art. 1995. We consider these eleven points as "no evidence" and "insufficient evidence" points.

█ The only direct evidence in the record of probative force as to residence of the defendant Sole is contained in the following question asked the plaintiff and his answer: "Q. Would you state to the Court the people who are defendants in this case and where they reside? A. Mr. J. C. McCarty, in Brownsville, Texas. Dr. W. H. Youle, I am not sure he lives in Brownsville, but in the immediate vicinity; and Mr. Kenneth Sole of Blackwell, Oklahoma." The appellants offered no evidence as to the residence of their business associate Sole. We consider the foregoing sufficient evidence to sustain the necessary finding of the court that Sole did reside without the State of Texas within the meaning of Subd. 3 of Art. 1995.

The facts that Sole was served with citation in Blackwell, Oklahoma, that plaintiff's attorney addressed a letter to "Kenny Sole., Blackwell, Oklahoma", received a receipt therefor signed by "K. R. Sole", and received a letter postmarked Blackwell, Oklahoma, signed "Kenneth R. Sole" but with no showing that the receipt or the letter were signed by the defendant Sole, add nothing to the plaintiff's proof of Sole's residence. Nor do the facts that (1) plaintiff's original petition (in the

transcript, but not introduced in evidence) alleged Sole to be a resident of Brownsville, Cameron County, Texas, which petition was superseded by his first amended original petition; (2) plaintiff's answers to questions asked on cross-examination that he did not "know that Mr. Sole is now a resident" of Beaumont, Jefferson County, Texas, as insinuated in the questions; and (3) that he last talked with Mr. Sole just before Christmas 1957, destroy the effect of plaintiff's positive testimony as to Sole's residence.

Plaintiff has clearly proved the facts necessary to overcome the pleas of privilege and to maintain venue in Dallas County, under Subds. 3 and 29a, Art. 1995, V.A.C.S., when he established by proof that: (a) he is a resident of Dallas County, Texas; (b) that defendant Sole resides outside of the State of Texas; (c) that defendants McCarty and Youle are necessary parties because the three defendants jointly contracted with plaintiff, and, if he recovers, he will be entitled to a joint and several judgment against all three defendants per his prayer. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W. 2d 758; Ward v. Davis, Tex.Civ.App., Waco, 262 S.W.2d 533, 535, n. w. h.

■ Appellants' more troublesome point twelve raises the question that the trial court had not acquired jurisdiction over the person of defendant Sole and that no valid personal judgment can be rendered against him under Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and Roumel v. Drill Well Oil Company, 5 Cir., 270 F.2d 550, 554, in which it was said: "It is clear that Texas has not attempted, by Rule 108 of its Rules of Civil Procedure or by any means, to vest jurisdiction in its courts to render personal judgments against non-residents." Appellants contend that this suit against the Cameron County defendants cannot be maintained in Dallas County because it is not "lawfully maintainable" within the meaning of Subd. 29a, against the Oklahoma defendant who was served with citation under Rule 108 and had not appeared nor answered. They argue that the court cannot render a valid personal judgment against their co-defendant Sole, and that this is essential to their being held in this suit outside the county of their residence. Neither party has cited any authority directly in point and we know of none.

> "The language 'lawfully maintainable,' used in this section, refers alone to venue, and simply means that, whenever a suit, under any provision of the venue law, is maintainable against one or more in the county where brought, 'then such suit may be maintained in such county against any and all necessary parties thereto.'" Christian v. Universal Credit Co., Tex.Civ.App., Dallas, 63 S.W.2d 229, opinion by Looney, J. See also Jones-Yates Co. v. Harrison, Tex.Civ.App., Dallas, 96 S.W.2d 238, n. w. h.

Our Supreme Court in detailing the facts to be proven in order to sustain venue under Subds. 3 and 29a, in Ladner v. Reliance Corp., supra, makes no requirements that the out-of-state defendant must have been served with process sufficient to authorize a valid personal judgment against him or have appeared and answered.

In the excellent text "Venue in Civil Actions—Texas," pp. 246–7, Allen Clark, Esq., in discussing the issues to be and not to be determined upon the hearing of the plea of privilege states: " * * * the issue is one of venue only * * *. The question of want of jurisdiction is a matter that can not be litigated upon the hearing of the plea of privilege." National Life Co. v. Rice, Tex.Com.App., 140 Tex. 315, 167 S.W.2d 1021. In Luse v. Union City Transfer, Tex.Civ.App., Waco, 324 S.W.2d 935–938 (Syl. 7), w. e. dis., where want of showing of jurisdiction of the amount in controversy was raised, the court said—in a venue case: "The matter as to the want of jurisdiction

of the court is for the trial on the merits." Of course, lack of potential jurisdiction of the subject matter, appearing from the pleadings, would be another matter.

We are not unmindful of the fact that prior to the hearing on the merits, defendant Sole may appear and answer, may yet be served with process within the State or that the provisions of Art. 2031b, V.A.C.S., enacted by the 56th Legislature, even though it became effective after this suit was filed, may provide a method of service sufficient to authorize a personal judgment since the contract involved herein appears to come within Sec. 4, of that Article. The Supreme Court of the United States in McGee v. International Life Insurance Company, *355 U.S. 220, 78 S.Ct.* 199, 201, 2 L.Ed.2d 223, in upholding an in personam judgment against a Texas corporation not admitted to do business in California which was served by registered mail in a suit in California under a statute similar in effect to Art. 2031b, V.A. C.S., and which became effective after the contract sued upon was entered into, said:

"The statute was remedial, in the purest sense of that term, and neither enlarged nor impaired respondent's substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a California forum to enforce whatever substantive rights she might have against respondent. At the same time respondent was given a reasonable time to appear and defend on the merits after being notified of the suit. Under such circumstances it had no vested right not to be sued in California."

We hold that since the trial court had potential jurisdiction of the subject matter and of the parties herein, appellants' twelfth point should be overruled.

Appellants' thirteenth point questioning the verification of appellee's controverting plea is not well taken. In the Controverting Plea the First Amended Original Petition was adopted by reference for all purposes as though therein fully set out; in that plea it was alleged that the "allegations of such petition are true and correct". The affidavit to the Plea was "that the allegations, denials and facts set out in the controverting plea are each and every, all and singular, true and correct". Appellee's verification was sufficient. Clark's Venue in Civil Actions— Texas, pp. 232–235.

The judgment of the trial court is affirmed.