**J. H. STRAIN & SONS, INC., Appellant,**

v.

**James D. COX, Appellee.**

**No. 4188.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 22, 1967.

Harris, Anderson, Henley, Shields & Rhodes, C. A. Searcy Miller, Dallas, for appellant.

C. J. Eden, Breckenridge, for appellee.

GRISSOM, Chief Justice.

On November 11, 1965, at about 8:30 a. m., James D. Cox was driving his pickup and pulling a trailer east on a part of highway 180 in Stephens County which was under construction by J. H. Strain & Sons, Inc., when he collided with Strain's sweeper. He filed this suit in Stephens County to recover the damages caused thereby. The Strain Company filed a plea of privilege to be sued in Taylor County, where it has its residence. Its post office address was alleged to be Tye, Taylor County, Texas. In a trial to the court, Strain's plea of privilege was overruled and it has appealed.

■ Appellant presents eleven points of error. Its main contention appears to be that the record shows the inability of Cox to see Strain's sweeper was caused by dust raised by vehicles of the traveling public, for which it was not reasonable. Of course, this conclusion does not follow if Strain had a duty to warn Cox of the location of its sweeper on Cox's side of the road and its presence there was so obscured. Appellant also contends there was no evidence, or insufficient evidence, that Strain or its employee was responsible for operation of the sweeper; that there was no evidence, or insufficient evidence, that it failed to maintain a flagman or warning sign at the time and place of the accident and no evidence, or insufficient evidence, that either Carrington, appellant's flagman, who, appellee testified, directed him to drive on the south side of the road under construction, or Cook, appellant's sweeper operator, were acting within the course of their employment by appellant. There was sufficient evidence to support the conclusion that Strain passed appellant's barricade and flagman, Carrington, and was directed by him to travel on the south side of the road which was under construction by appellant; that Cox did drive east on the south side for about three fourths of a mile and, when the road ahead was so clouded with dust, raised by either passing cars or Strain's road sweeper, or both, that he could not see the sweeper, which was stopped near the center of the south side of the road, that he ran into the sweeper and suffered the damages for which he sued. There was ample evidence that the road was being constructed by appellant; that said flagman and sweeper were appellant's employees acting within the scope of their employment; that the street sweeper which had been sweeping as it traveled west meeting Cox, had been turned off immediately before the accident; that said sweeper and automobiles had stirred up so much dust that the sweeper operator had turned off the sweeper just before Cox collided with it, because he could not see for the dust and that no one had warned Cox of such location of appellant's sweeper. There was ample evidence from which the court could, and presumably did, find that appellant was guilty of negligence which was a proximate cause of the damages suffered by Cox when he ran into the sweeper.

In his controverting affidavit Cox sought to maintain the suit in Stephens County under exception 9a, Article 1995. It provides that a suit based upon negligence may be brought in the county where the negligence occurred and that the venue facts necessary for a plaintiff to establish by a preponderance of the evidence to sustain venue in such county under that exception are that:

1. An act or ommission of negligence occurred in the county where the suit was filed.

2. That such act or omission was that of the defendant, or its representative acting within the scope of his employment, and

3. That such negligence was a proximate cause of plaintiff's injury.

■ We hold that the evidence is sufficient to support the court's presumed finding of all said venue facts. See Allen M. Campbell General Contractors, Inc. v. McDonald, Tex.Civ.App., 347 S.W.2d 781; Galloway v. Nichols, Tex.Civ.App., 269 S.W.2d 850; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929, (writ dis.) and Houston & North Texas Motor Freight Lines, Inc. v. Watson, Tex.Civ. App., 293 S.W.2d 207.

All of appellant's points have been considered and are overruled. The judgment is affirmed.