**MOBILE COUNTY MUTUAL INSURANCE COMPANY et al., Appellants,**

v.

**SOUTHERN AGENT CORPORATION, Appellee.**

**No. 1111.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1975.

Rehearing Denied Feb. 12, 1975.

Alton C. Todd, Mills, Shirley, McMicken & Eckel, Galveston, John Louis Shook, Robert H. Osburn, Blassingame, Hendley & Coker, Dallas, for appellants.

Elmo Schwab, Barker, Lain, Smith & Schwab, Galveston, for appellee.

COULSON, Justice.

This is a plea of privilege case.

The plaintiff, Southern Agent Corporation (Southern), brought suit against Gaylon Young and Rodney D. Young, individually and doing business as Rodney D. Young Insurance Agency (the Agency),

and the Mobile County Mutual Insurance Company (the Insurance Co.). Southern sought to recover from the defendant, jointly and severally, the sum of $15,535.01 on a debt together with reasonable attorney's fees, interest and costs.

Southern is in the business of financing insurance premiums for automobile insurance policies. In its petition, Southern alleged that it had undertaken the financing of premiums for certain insurance policies sold by the Agency and issued by the Insurance Co. It is further alleged that the agreement under which the premium for such a policy was financed called for the Insurance Co., through the Agency, to return to Southern the net returned premium and refund of commission upon cancellation of each such policy, considered individually. Southern allegedly possessed a limited power of attorney from each insured party whose premium was financed through Southern. Upon the insured's failure to make a payment to Southern on the note executed in consideration of Southern's financing the insurance premium, Southern was authorized to notify the insurance company to cancel the policy. Southern in turn was entitled to receive the net return premium and refund of commission due for the unexpired insurance.

The original petition alleges that the defendants failed to honor their commitments under the financing agreement and that they are jointly and severally indebted to Southern in the amount of $15,535.01 for return premiums and commission refunds which they refused to return to Southern. It was further alleged that the Insurance Co. refused to return to Southern the money owed, and instead applied the same to the account of the Agency because of certain debts owed by the Agency to the Insurance Co.

Each of the defendants is a resident of Dallas County, Texas. The suit was brought in the district court of Galveston County, Texas. Each of the defendants filed a plea of privilege to be sued in Dallas County. Southern filed a controverting affidavit to each plea of privilege and a hearing was held regarding said pleas of privilege. Following such hearing, each plea of privilege was overruled on July 30, 1974 and each defendant has appealed.

Southern contends that venue was proper as to the Insurance Co. under Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995 § 23 (1964). The pertinent portion of which may be paraphrased as follows:

Suit against a private corporation may be brought in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in such county.

The Insurance Co.'s second and third points of error urge that the plaintiff failed to present sufficient evidence to establish the exception under Section 23.

■ Upon the hearing of the plea of privilege, Southern had the burden of showing that it, as plaintiff, resided in Galveston County at the time the cause of action arose and that the Insurance Co. had an agency or representative in Galveston County at the time suit was filed. Also, Southern had the burden to prove a cause of action against the Insurance Co. by preponderance of the evidence. Vines v. Harry Newton, Inc., 445 S.W.2d 260 (Tex.Civ.App.–Houston [1st Dist.] 1969, writ dism'd); Brown Express Company v. Dieckman, 344 S.W.2d 501, 504 (Tex.Civ. App.–Austin 1961, no writ).

■ To establish that the Insurance Co. was represented by an agent in Galveston County at the time suit was brought, the plaintiff called James L. Brister. He testified that he was, and had been since 1972, an agent for the Insurance Co. in Galveston County and that he possessed contractually binding authority from the Insurance Co. Such testimony was sufficient to establish that the Insurance Co. had a representative in Galveston County at the time the suit was filed. Pepsi Cola Company v.

Sprangler, 401 S.W.2d 923, 925 (Tex.Civ. App.–Texarkana 1966, no writ).

■ The second venue fact that Southern had the burden to prove was that at the time the cause of action arose Southern was a resident of Galveston County. For venue purposes, the place of residence of a corporation may be either the place designated in the charter as its principal office or the place where the principal office is in fact located. Ward v. Fairway Operating Company, 364 S.W.2d 194 (Tex. Sup.1963); Magnolia Petroleum Company v. Broussard, 340 S.W.2d 366, 368 (Tex. Civ.App.–Beaumont 1960, writ dism'd).

■ The president of Southern testified that the principal place of business of the plaintiff Corporation, in fact, had been located at all times in Galveston County. Such was the case in 1972, when the transactions which have become the subject matter of this lawsuit took place. Southern established that it was a resident of Galveston County at the time that this cause of action arose.

■ The final venue fact, necessary to Southern's case, was that there was a cause of action against the Insurance Co. The president of Southern testified that Southern financed the premiums on the subject insurance policies issued by the Insurance Co. and thereby bestowed a benefit upon the Insurance Co. This was done in reliance upon an agreement between Southern and the Agency which was a representative of the Insurance Co. The representative capacity of the Agency for the Insurance Co. was demonstrated by documentary evidence taken from the records of the Texas State Board of Insurance. Finally, Southern's president testified that the president of the Insurance Co. admitted to him the validity of the outstanding obligations, thus presenting testimony that the Insurance Co. knew of and ratified the agreement with Southern. This testimony is sufficient to establish the existence of a good cause of action against the Insurance Co.

■ In its action against the Agency, Southern has relied upon Tex.Rev.Civ. Stat.Ann. art. 1995, § 29a (1964), in seeking to establish venue in Galveston County. Section 29a provides, in effect, that when there are two or more defendants to an action, and the suit is lawfully maintainable in a county as to any of the defendants, then the suit may be maintained in such county against any and all necessary parties. The Agency admits in its brief that if venue is established as to the Insurance Co. under Section 23, then venue is established as to the Agency under Section 29a. Such venue under Section 23 having been established, the Agency is also subject to suit in Galveston County in this cause of action.

The defendant insurance company on this appeal has complained for the first time that the controverting affidavit of the plaintiff was filed one day late and that leave was not granted by the trial court for this delayed filing. No evidence was presented before the trial court to show when Southern received a copy of the Insurance Co.'s plea of privilege. For that reason, this Court has no means to determine at what date the ten day response period began to run against Southern. The Insurance Co. argues that it should be Southern's burden to establish that its controverting affidavit was filed timely. It is further asserted by the defendant Insurance Co. that the ten day period prescribed by Texas Rules of Civil Procedure, rule 86 is jurisdictional and that therefore the question of timeliness may be raised for the first time on appeal.

■ This point of error is overruled. The question of whether or not the controverting affidavit was timely filed is a question of fact. Upon a finding that the affidavit was late, Rule 86 expressly provides that the trial court can grant an extension upon a showing of good cause. Such an objection must be asserted at the trial level or it is waived. When such an issue is raised at the trial level, evidence can be presented by each party to the liti-

gation and the issue can be resolved without prejudice to any party. If the defendant was in possession of information which would demonstrate that the plaintiff's controverting affidavit was not timely filed, it was the defendant's obligation to raise that point by proper objection and to support its objection before the trial court by the presentation of the evidence which it possessed.

Affirmed.