ZODIAC CORPORATION et al., Appellants,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Appellee.

No. 1119.

Court of Civil Appeals of Texas, Tyler.

April 27, 1978.

Harold B. Sanders, Clark, West Keller, Sanders & Butler, Jack D. Eades, Steven R. McCown, Dallas, for appellants.

Henry Seeligson, William F. Douglass, Seeligson, Douglass & Falconer, Dallas, for appellee.

DUNAGAN, Chief Justice.

Appellee, General Electric Credit Corporation, a foreign Corporation, instituted this action in the 162nd District Court of Dallas County, Texas, against Zodiac Corporation, Joseph A. Zavaletta, Rosalinda Zavaletta, Gus Zavaletta, Gloria Rose Zavaletta, Ferdinand Zavaletta, Eleanore Jane Zavaletta, Masao Kinoshita, Alice Kinoshita and James W. Short, seeking payment of a deficiency in the collection of a promissory note executed by defendant, Zodiac, which payment was guaranteed by the individual defendants. The suit was commenced after foreclosure of the security for the promissory note upon certain property located in Cameron County, Texas. This property was purchased by appellant Zodiac Corporation with funds allegedly disbursed under a mortgage note secured by a deed of trust in favor of General Electric Credit Corporation. All the defendants except the Kinoshitas answered and filed pleas of privilege to be sued in Cameron County, Texas, except James W. Short who sought to be sued in Hidalgo County, Texas. The Kinoshitas never filed an answer nor a plea of privilege and are not parties to this appeal.

This is an appeal by Zodiac Corporation and other defendants with the exception of the Kinoshitas from an order overruling their pleas of privilege.

This case arises out of a commercial loan to defendant-appellant Zodiac on February 12, 1974, in the amount of $5,300,000 as evidenced by a promissory note of that date. Only $228,000 was ever funded thereunder. The note was secured among other things by a deed of trust of even date covering real estate in Cameron County, Texas. The individual defendants and the Kinoshitas, all principal stockholders of defendant Zodiac, executed a guaranty agreement, guaranteeing unconditionally, "jointly and severally, the full, punctual and prompt payment and performance." Thereafter, on more than one occasion, Zodiac defaulted; however, rather than pursue its remedies under the deed of trust, plaintiff-appellee agreed to the execution of a reinstatement agreement with defendant Zodiac on September 23, 1973. By the terms of the agreement, the loan was reinstated, and it provided that appellee Zodiac would pay all past due payments and late charges and would pay all amounts required under the note. Defendant Zodiac again

defaulted and plaintiff on January 4, 1977, exercised its rights under the deed of trust and had the security thereunder sold at a trustee's sale. Nevertheless, as accounted in plaintiff's original petition, a deficiency existed in the amount of $131,561.29, and a demand for payment thereof was made of all parties, Zodiac and its guarantors. Not receiving payment, appellee filed suit in Dallas County.

All of the appellants being residents of counties other than Dallas County, each filed pleas of privilege to be sued in the respective counties of their residence. Zodiac is a Texas corporation with its offices in Cameron County, Texas. The Zavalettas are all residents of Cameron County; James W. Short is a resident of Hidalgo County, Texas; and the Kinoshitas' residence is in the State of Massachusetts. Appellee filed its controverting pleas to each plea of privilege submitting Subsections 3, 5 and 29a of Article 1995, V.T.C.S., as being applicable exceptions to exclusive venue in the county of defendant's residence, thereby seeking maintenance of the lawsuit in Dallas County. These pleas were heard by the trial court without a jury.

Appellants by their points of error Nos. 2 and 3 contend that appellee failed to establish by competent evidence any of the essential venue facts necessary to maintain venue in Dallas County under Subdivisions 3 and 29a of Article 1995, V.T.C.S. Appellee in response says that it has established by competent evidence all the essential venue facts necessary to maintain venue in Dallas County under Subdivisions 3 and 29a of Article 1995, V.T.C.S.

■ Under Section 3 of the Venue Statute it was necessary for appellee to prove that appellants Masao Kinoshita and Alice Kinoshita resided outside the State of Texas, or that their residence was unknown. Appellee alleged in its petition that the Kinoshitas resided in the State of Massachusetts. The only evidence offered in that connection was the testimony of Mr. Joseph C. Mercurio, a loan representative for the appellee, General Electric Credit Corporation, who testified that the Kinoshi-

tas lived in Massachusetts. The appellants having offered no evidence as to the residence of their business associates, the Kinoshitas, we consider the foregoing sufficient evidence to sustain the necessary finding of the court that the Kinoshitas did reside without the State of Texas within the meaning of Subdivision 3 of Article 1995. *McCarty v. Hinman*, 342 S.W.2d 29, 30 (Tex. Civ.App.–Dallas 1960, n. w. h.). Under the venue statute providing that when one or all of the defendants reside without the State, suit may be brought in the county in which the plaintiff resides, existence of a cause of action is not an essential venue fact to be proven. *Ladner v. Reliance Corporation*, 156 Tex. 158, 293 S.W.2d 758, 763 (1956). Moreover, where a venue fact is one which can be put in issue only by verified pleading and the defendant does not interpose such a plea, plaintiff is not required to prove the same. *Ladner v. Reliance Corporation*, supra. The Kinoshitas failed to file an answer or a plea of privilege or any other pleading in this case.

■ Appellee contends that the Kinoshitas were necessary parties within the meaning of Subdivision 29a. A necessary party is one whose joinder is required in order to afford the plaintiff the complete relief to which he is entitled against the defendant who is properly suable in that county. *Ladner v. Reliance Corporation*, supra; *Mims v. East Texas Production Credit Association*, 496 S.W.2d 682 (Tex.Civ.App.–Tyler 1973, writ dism'd); *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774 (1944). It was, therefore, incumbent upon appellee to establish that the joinder of the Kinoshitas is necessary to enable it to obtain full and effective relief in the suit which it is entitled to maintain in Dallas County against the other defendants under Subdivision 3.

The appellee contends that the joinder of all parties to the suit is necessary to provide it the full relief to which it is entitled under the pleadings and the instruments or contracts sued upon. We agree.

Appellee-plaintiff sought judgment against all the defendants jointly and severally on their joint contractual liability.

■ Where plaintiff, if he recovers, will be entitled to a joint judgment against one or more defendants and suit is maintainable where brought as to one of the defendants under a subdivision of the general venue statute, the other defendant is a necessary party within the meaning of Subdivision 29a allowing suit to be maintained in such county against any and all necessary parties thereto. *Orange Associates, Inc. v. Albright*, 548 S.W.2d 806, 808 (Tex.Civ.App.–Austin 1977, writ dism'd); *Van Huss v. Buchanan*, 508 S.W.2d 412, 417 (Tex.Civ. App.–Fort Worth 1974, writ dism'd); *Ladner v. Reliance Corporation*, supra; *Carter v. Texas State Bank of Jacksonville*, 189 S.W.2d 782 (Tex.Civ.App.–Texarkana 1945, n. w. h.).

Appellants contend that appellee failed to establish its own residence as it is required to do under Subdivision 3 of the Venue Statute.

■ For venue purposes, the place of residence of a corporation may be either the place designated in the charter or its principal office or the place where the principal office is in fact located. The question of residence of a corporation for venue purposes must be determined not by residence of any particular officer but by the principal office of the corporation. *Mobile County Mutual Insurance Company v. Southern Agent Corporation*, 519 S.W.2d 186 (Tex. Civ.App.–Houston [14th Dist.] 1975, n. w. h.); *Pepsi-Cola Company v. Spangler*, 401 S.W.2d 923, 925 (Tex.Civ.App.–Texarkana 1966, n. w. h.); *International Harvester Co. v. Faris*, 360 S.W.2d 864 (Tex.Civ.App.–Amarillo 1962, n. w. h.); *Magnolia Petroleum Co. v. Broussard*, 340 S.W.2d 366, 368 (Tex.Civ.App.–Beaumont 1960, writ dism'd). The evidence shows that at the time of the institution of this lawsuit that the Central States' offices, the principal office of General Electric Credit Corporation, were located in Dallas, Dallas County, Texas. This evidence is uncontroverted.

■ The trial court filed no findings of fact or conclusions of law and none was requested. The state of the evidence was such as to warrant the implied findings that the Kinoshitas were nonresidents of Texas and the appellee was a resident of Dallas County, Texas. This being true we have no authority to disturb the same or the order based thereon. *Ex Parte Head,* 102 S.W.2d 1101 (Tex.Civ.App.–Eastland 1937, n. w. h.). Where a case is tried to the court and no findings of fact or conclusions of law are filed, judgment will be affirmed if their is any ground to support it, upon any theory of the case, and every issue in the case must be resolved in support of the judgment. Also where the evidence is uncontroverted and where its weight and credibility on the issues involved raise a reasonable doubt in the mind of the judge, as a trier of facts, his judgment must be affirmed. *Pan American Sign Company v. J. B. Hotel Company,* 403 S.W.2d 548, 551 (Tex.Civ. App.–Dallas 1966, n. w. h.); *Burke v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 346 S.W.2d 663 (Tex.Civ.App.–San Antonio 1961, n. w. h.); *Houston & North Texas Motor Freight Lines v. Watson,* 293 S.W.2d 207, 209 (Tex.Civ.App.–Waco 1956, n. w. h.); *Gunstream v. Oil Well Remedial Service,* 233 S.W.2d 897, 898 (Tex.Civ.App.–Dallas 1950, n. w. h.).

Applying the rules of law announced to the record before us we think that implied findings of the trial court to the effect that the Kinoshitas were nonresidents and that appellee Commercial Electric Credit Corporation was a resident of Dallas County, Texas, is sustainable.

■ Appellee-plaintiff has discharged its burden to overcome the pleas of privilege and to maintain venue in Dallas County, under Subdivisions 3 and 29a, Article 1995, V.T.C.S., when it established by proof that: (1) it is a resident of Dallas County, Texas; (2) defendants Masao Kinoshita and Alice Kinoshita reside outside the State of Texas; and (3) the other individual defendants who are appellees here are necessary parties because they and the Kinoshitas contracted with appellee, and, if it recovers, it will be entitled to a joint and several judgment against all of defendants per its prayer. *Ladner v. Reliance Corporation,* supra; *McCarty v. Hinman,* supra at 31; *Ward v.*

*Davis,* 262 S.W.2d 533 (Tex.Civ.App.–Waco 1953, n. w. h.).

 Appellee, General Electric Credit Corporation, cannot obtain full relief in this case unless it obtains a judgment that the principal, as well as the guarantors, are jointly and severally liable on the guarantee in suit. No judgment of joint liability could be rendered in the absence of any party sought to be held jointly liable. *Great American Insurance Company v. Sharpstown State Bank,* 422 S.W.2d 787, 791 (Tex. Civ.App.–Austin 1967, writ dism'd); *Commonwealth Bank & Trust Company v. Heid Bros.,* 122 Tex. 56, 52 S.W.2d 74 (1932); *Ladner v. Reliance Corporation,* supra; *McCarty v. Hinman,* supra; *Allen v. Alison Mortgage Investment Trust,* 548 S.W.2d 783, 788 (Tex.Civ.App.–San Antonio 1977, n. w. h.); also see *Arterbury v. United States,* 194 S.W.2d 803, 807 (Tex.Civ.App.–Galveston 1946, n. w. h.).

Appellants in their fourth point of error complain of the admission in evidence of the guaranty agreement because appellee had failed to authenticate the document.

 The requirement is that the document be authenticated as genuine before it can be used. There are many modes of proof, but one is by the testimony of anyone who was present at the execution of the instrument. *Meuley v. Zeigler,* 23 Tex. 88 (1859). In the case at bar Mr. Mercurio testified that he witnessed the execution of the guaranty agreement by six of nine signatories. However, under the record in this case, appellee was not required to authenticate the document here in question. Rule 93(h), Tex.R.Civ.P., mandates that to deny an instrument in writing upon which a pleading is founded, such must be by a pleading verified by affidavit. In the absence of such a plea, as in the instant case, the instrument shall be received in evidence as fully proved. *Prudential Petroleum Corporation v. Rauscher, Pierce & Co., Inc.,* 281 S.W.2d 457, 460 (Tex.Civ.App.–Dallas 1955, writ ref'd n. r. e.); *Willingham v. Humble Oil & Refining Company,* 202 S.W.2d 955 (Tex.Civ.App.–Galveston 1947, n. w. h.); *W. T. Rawleigh Co. v. Sherley,* 165 S.W.2d 465 (Tex.Civ.App.–Dallas 1942, writ dism'd). Appellants' point of error No. 4 is overruled.

Appellants in their last point of error assert that the trial court erred in reopening the case to receive additional documentary evidence.

The additional documentary evidence was for the purpose of proving a cause of action. As we have above stated the existence of a cause of action is not an essential venue fact to be proven under Subdivision 3 of Article 1995, Tex.Rev.Civ.Stat.Ann., therefore if it was error in reopening the case no harm has been shown. *Highlands Underwriters Insurance Co. v. Martin,* 442 S.W.2d 770, 773 (Tex.Civ.App.–Beaumont 1969, n. w. h.).

 Moreover, it was within the complete discretion of the trial court to reopen the case, and such discretion "should be liberally exercised in the interest of permitting both sides to fully develop the case in the interest of justice." *Barrier v. Beavers,* 531 S.W.2d 191, 193 (Tex.Civ.App.– Amarillo 1975, writ ref'd n. r. e.); *Papco, Inc. v. Eaton,* 522 S.W.2d 538, 543 (Tex.Civ. App.–Texarkana 1975, n. w. h.); *Lackey v. Perry,* 366 S.W.2d 91, 96 (Tex.Civ.App.–San Antonio 1963, n. w. h.); *Rauh v. Rauh,* 267 S.W.2d 584, 586 (Tex.Civ.App.–Galveston 1954, n. w. h.); *Gulf, C. & S. F. Ry. Co. v. Bouchillon,* 186 S.W.2d 1006, 1010 (Tex.Civ. App.–Eastland 1945, writ ref'd w. o. m.). The discretion of the trial court to reopen a case to receive additional evidence has been applied in a case where there was harmless error and the prior announced judgment was not disturbed or changed, as in the instant case, even after an appeal bond has been filed. *Sibley v. Sibley,* 286 S.W.2d 657, 660 (Tex.Civ.App.–Dallas 1955, writ dism'd). It is well established that in considering appeals based on Rule 270, Texas Rules of Civil Procedure, that the question of reopening a case for the purpose of admitting additional evidence is clearly within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by

an appellate court unless it clearly appears that such discretion has been abused. *Smart v. Missouri-Kansas-Texas Railroad Company*, 560 S.W.2d 216 (Tex.Civ.App.–Tyler 1977, n. w. h. as of now); *Word v. United States Coffee & Tea Company*, 324 S.W.2d 258, 262 (Tex.Civ.App.–Amarillo, 1959, writ ref'd n. r. e.). Even though we think it was unnecessary to reopen the case for the purpose for which it was reopened, we do not think the action of the trial court was an abuse of discretion. Since, in our opinion, venue is maintainable in Dallas County, Texas, under Subdivisions 3 and 29a of the Venue Statute, it is not necessary for us to determine under appellants' first point of error whether venue would be maintainable in said county under Subdivision 5 of the Venue Statute. Appellants' points of error Nos. 2, 3, 4 and 5 are overruled.

■ Appellants have attached an "appendix" to their brief consisting of documents from the Secretary of State which is not a part of the record in this case. These documents were not offered in evidence during the trial nor included in any bill of exception. Therefore, they are not before this court through formal inclusion in the record, and we cannot consider them for any purpose. *Bibby v. Preston*, 555 S.W.2d 898, 902 (Tex.Civ.App.–Tyler 1977, n. w. h.); *Llast v. Emmett*, 526 S.W.2d 288, 290 (Tex.Civ.App.–Tyler 1975, n. w. h.); *Nixon v. Royal Coach Inn of Houston*, 464 S.W.2d 900 (Tex.Civ.App.–Houston [14th Dist.] 1971, n. w. h.).

The judgment of the trial court is affirmed.