IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00238-CR

 

Xavier Rajesh Noronha,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. FISC-08-19555

 



MEMORANDUM  Opinion



 

Appellant has filed a motion to dismiss
his appeal.  See Tex. R. App.
P. 42.2(a).  We have not issued a decision in this appeal.  Appellant
personally signed the motion.  Accordingly, the appeal is dismissed.

 

REX D. DAVIS

Justice

 




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Dismissed

Opinion
delivered and filed March 31, 2010

Do
not publish

[CR25]

 

 








 






"font-family: 'CG Times', serif">Robertson County, Texas
Trial Court # 97-01-15,279-CV
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      T.V. is the youngest of six children. Their mother, Sally, was abused as a child. Sally’s
husband is T.V.’s father. Allegations of sexual abuse extend to three of Sally’s live-in male
companions, including her husband. He and at least one of Sally’s other live-in male
companions have been convicted and are serving time in prison for sexual abuse of her
children. The abuse occurred in at least two states, New York and Texas. Sally is also in
prison on charges related to the sexual abuse of her children. At least one of T.V.’s siblings,
who was also a victim of sexual abuse, has now been convicted of sexual abuse of another
sibling. The cycle continues.
 

PROCEDURAL BACKGROUND
      Upon investigation of a referral for possible endangerment of a child, the family situation
of T.V. was investigated by Child Protective Services in Robertson County. T.V. was
removed from the home on an ex parte motion on January 23, 1997. The Department of
Protective and Regulatory Services was appointed temporary managing conservator on
February 3, 1997. There were two status hearings in the remainder of 1997. The first hearing
in 1998 occurred on February 2. At this status hearing it was again determined that it was not
in T.V.’s welfare to return to the home “at this time.” Although the form of the order
contained a blank for a dismissal date, a dismissal date was not set by this order. The matter
was set for trial on March 24, 1998. 
      The purpose of the trial was to determine if the parental rights of T.V.’s mother and father
should be terminated. The trial was held on March 23, 1998. It was heard by a visiting judge. 
The trial court determined that Sally had committed various violations of the Family Code by
clear and convincing evidence. The violations found were as follows:
1.Knowingly placed or knowingly allowed T.V. to remain in conditions or
surroundings which endangered the physical or emotional well-being of the child.
 
2.Engaged in conduct or knowingly placed T.V. with persons who engaged in
conduct which endangered the physical or emotional well-being of the child.
 
3.Has been adjudicated to be criminally responsible for the death of or serious
injury to a child.
The trial court also included the following determination and statement in the order:
However, the Court does not find by clear and convincing evidence that
termination of the parent-child relationship between Sally ... and ... [ T.V.], the child
who is the subject of this suit, is in the best interest of the child at the present time. 
THEREFORE, IT IS FURTHER ADJUDGED, ORDERED AND DECREED that
the parent-child relationship between Sally ... and the child who is the subject of this
suit, ..., will not be terminated at this time. This Court reserves the right to change
this ruling without the necessity of the Petitioner filing an amended petition should
this Court receive information relative to the issue of the best interest of the child.
Three permanency hearings were held over the next eleven months. The dismissal date was
established as June 30, 1999. On February 24, 1999, in a bench trial before the elected judge,
the trial court determined that it was in the best interest of T.V. to terminate the parental rights
of both parents. Only Sally, T.V.’s biological mother, brings this appeal.
ISSUE ON APPEAL
      In separate issues, Sally complains that the trial court erred in terminating her parental
rights because the evidence was insufficient to prove by clear and convincing evidence either
that she had committed any of the acts set forth in section 161.001(1) of the Texas Family
Code (issue one) or that termination was in the best interest of T.V. (issue two). Tex. Fam.
Code Ann. § 161.001(1) and (2) (Vernon Supp. 2000). However, both issues are premised on
a single alleged error. Sally objected to the admission into evidence and consideration by the
fact-finder, here the trial court, of any evidence that predated the first trial for termination. 
Essentially, Sally argues that the trial court can consider only evidence of events that occurred
after the March 23, 1998 trial because the trial court had refused to terminate her parental
rights at that time based on the evidence presented.
APPLICABLE LAW
      Sally’s argument is premised on the belief that the order following the trial on March 23,
1998, and the trial court’s refusal to terminate her parental rights, is a final judgment. She
then concludes that it prevents consideration by the trial court at the second trial on February
24, 1999 of any evidence of events that occurred prior to the earlier trial date. She contends
the evidence must show a change of circumstances after the earlier trial. Sally does not contest
that if the evidence from the first trial can be considered, then the evidence is sufficient to
support the trial court’s judgment. The fundamental question before us is whether the first
trial was concluded and whether the trial court had rendered a final judgment.
      It is clear from the trial court’s ruling after the March 23, 1998 trial that it was not a final
judgment. The trial court specifically stated that he did not find the termination of Sally’s
parental rights to be in the best interest of T.V. “at this time.” Further, he explicitly left open
the possibility of hearing additional evidence before making a final ruling by stating: “This
Court reserves the right to change this ruling without the necessity of the Petitioner filing an
amended petition should this Court receive information relative to the issue of the best interest
of the child.” 
      The decision to reopen a matter to receive additional evidence is within the discretion of
the trial court. Zodiac Corp. General Electric Credit Corp., 566 S.W.2d 341, 346 (Tex. Civ.
App.—Tyler 1978, no writ). “Such discretion should be liberally exercised in the interest of
permitting both sides to fully develop the case in the interest of justice.” Id. (and cases therein
cited). It has even been held that additional evidence could be received after an appeal bond
had been filed. Id., Sibley v. Sibley, 286 S.W.2d 657, 660 (Tex. Civ. App.—Dallas 1955,
writ dism’d).
APPLICATION
      No party to the March 23, 1998 trial and order complained about the trial court’s failure to
enter a final determination. It is clear that no final judgment was intended or rendered based
upon the March 23, 1998 trial. Only after the February 24, 1999 trial did the trial court sign a
final judgment. The final judgment terminated the parental rights of Sally. It was within the
trial court’s discretion to hear additional testimony regarding the best interest of T.V.


 We
hold that the trial court did not err when it considered all the evidence in the record, including
the evidence from the March 23, 1998 trial and the February 24, 1999 trial in determining
whether to terminate Sally’s parental rights. The judgment terminating Sally’s parental rights
is affirmed.


                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance concurring)
Affirmed
Opinion delivered and filed August 30, 2000
Publish